Naman ABU–AWAD d/b/a Stat Physical Therapy, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. Civ.A. H–02–2068.

United States District Court, S.D. Texas.

Aug. 14, 2003.

John H. Polk, Attorney at Law, Houston, TX, for plaintiffs.

Cynthia E. Messersmith, Christopher R. Egan, US Dept. of Justice, Dallas, TX, for defendant.

## MEMORANDUM AND ORDER

CRONE, United States Magistrate Judge.

### I. *Introduction*

Pending before the court is Defendant United States of America's ("United States") Motion to Dismiss or for Summary Judgment (# 12). The United States, on behalf of the Commissioner of the Internal Revenue Service ("IRS"), seeks summary judgment on the complaint of Plaintiff Naman Abu–Awad ("Awad"), doing business as Stat Physical Therapy ("Stat"), challenging a federal tax lien and underlying assessment of penalties by the IRS. Having reviewed the pending motion, the submissions of the parties, the pleadings, and the applicable law, the court is of the opinion that summary judgment is warranted.

### II. *Background*

Stat is a sole proprietorship owned by Awad. During the fourth quarter of 2000 and first quarter of 2001, Stat underpaid its employment taxes. By virtue of assessments made March 12, March 19, and June 4, 2001, the IRS determined that Stat owed the United States the sum of $42,205.06 in delinquent taxes, penalties, and interest. Shortly after accruing these taxes and penalties, Stat's administrator, Catherine Herridge ("Herridge"), requested the IRS's Compliance Division to abate the penalties. By letter dated September 12, 2001, the Compliance Division denied the request for a penalty adjustment because Herridge did not provide requested documentation and repeatedly missed scheduled appointments with IRS representatives.

Upon Stat's failure to pay the taxes and penalties assessed, the IRS filed a Notice of Federal Tax Lien against Awad on November 13, 2001, and sent Awad a Notice of Federal Tax Lien Filing on November 16, 2001. This notice informed Awad of his right to request a Collection Due Process ("CDP") Hearing before the IRS Appeals Office to appeal the IRS's proposed collection action and to discuss payment method options. On December 18, 2001, Awad requested a CDP hearing via a form signed by Patricia Mead ("Mead"), a certified public accountant. Neither Mead nor Awad, however, submitted a Form 2848, Declaration of Representation, or other separate written consent to permit her to receive taxpayer information concerning Awad. *See* 26 U.S.C § 6103(a), (c); 26 C.F.R. § 301.6103(c)–1. An attachment to the Request for a CDP Hearing outlines four general issues in connection with the lien: (1) all taxes related to the lien have been paid and a hearing to review the penalties assessed is requested; (2) there are "extenuating problems which created the penalties related to the lien;" (3) "dramatic changes" to Stat's method of making payroll tax deposits have been made; and (4) the filing of the lien would have "extremely adverse affects [sic]" on Stat's banking relationships. The attachment requests a meeting to review Stat's payment schedule and to discuss how Awad could best handle the balance due without lien filings. The attachment, however, does not explain these contentions or provide a factual basis for any of the allegations; there is no identification or description of the "extenuating problems," the "dramatic changes," or the "extremely adverse [e]ffects."

On February 12, 2002, the IRS Appeals Office accepted the case and sent a letter directly to Awad (the only address reflected on the Request for a CDP Hearing), signed by Christopher B. Darling ("Darling"), Settlement Officer. The letter notified Awad of a conference scheduled for March 6, 2002, at which time he would have an opportunity to present facts, arguments, and legal authority to support his position. Furthermore, the letter requested that Awad notify Darling which of his four listed Power of Attorney representatives would be handling the case. Awad did not respond to the letter or attend the conference on March 6, 2002. On March 13, 2002, Darling mailed Awad a second letter, noting that Awad had failed to appear on March 6 and rescheduling the conference for April 1, 2002. The letter further stated that if the time selected was inconvenient, Darling would arrange another time. The letter reminded Awad that any representative he selected would be required to submit a Form 2848 Declaration of Representative, power of attorney, or similar written authorization. Awad did not attend the second conference, nor did he submit a Form 2848 or power of attorney designating a representative to attend on his behalf.

On May 2, 2002, after verifying that the IRS Compliance Division had met all procedural and legal requirements, the IRS Appeals Office issued its "Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330," sustaining the tax lien and approving the proposed collection action. The Notice of Determination notes that the tax liability was self-assessed and was not in dispute. The notice addresses the issues raised by Awad, as follows:

**1. All of the taxes have been paid and all that remains on these periods is penalties and interest and we want a conference to review these penalties.**

The penalties related to these periods were reviewed and nothing seems to be out of the ordinary regarding these assessments.

**2. There are extenuating circumstances which created the problems related to these penalties. We want to speak to an officer about a payment schedule without lien filings.**

It appears that you and the revenue officer have discussed the penalties and a denial of abatement was issued by the Compliance Division. You were informed that your arguements [sic] did not meet 'reasonable cause' and you could pursue penalty abatement through Appeals.

The case history also shows that you have been negotiating the terms of an installment agreement with the Compliance Division but have not come to terms.

**3. The filing of a lien would adversely affect our relationship with our bank which could result in the business being shut down.**

The lien filed November 16, 2001 was not the first lien to be filed and the business is still operating.

Unfortunately, we will not be able to address any of these issues since you did not appear for the hearings I set for March 6, 2002 at 9:00 am or April 1, 2002 at 1:00 p.m.

The notice further observes that "[n]o collection alternatives were raised since no conferences took place."

On May 10, 2002, in response to a facsimile dated May 9, 2002, Darling wrote to Awad's current counsel, John H. Polk ("Polk"), advising him of the reasons for the Notice of Determination. In his letter, Darling states in pertinent part:

Your client never responded to repeated attempts to contact them [sic] to hold a

hearing to hear their [sic] appeal. After two missed appointments, the case was closed based on the information contained in the file.

The offer in compromise filed on behalf of your client never reached my desk and I was never informed of its existence. The Due Process Appeal was completed and sent because a lien had been filed. While the filing of an offer in compromise will not affect the status of the lien, it can be considered a collection alternative. The offer in compromise will be considered independently of the CDP request.

It should be noted that your client has four (4) forms 2848, Power of Attorney, filed for the periods listed on the form 12153, Request for Collection Due Process. Three of the P.O.A. forms were received on the same day and a fourth was filed a few days earlier. Instead of guessing who was going to represent the taxpayer, I sent all communications to your client and let them [sic] choose who they [sic] wished to represent them [sic]. I will not carry on five conversations at the same time regarding the same issues. When no response came, I decided to send copies of the final letter to all listed P.O.As.

According to the affidavit of Radha Thiagarajan ("Thiagarajan"), an attorney employed by Polk, she spoke with Darling on May 14, 2002, and requested another hearing due to the filing of an offer in compromise. Darling responded that the Request for a CDP Hearing was filed by an unregistered agent whom he could not contact and that he would not give Awad another hearing. Thiagarajan further states in her affidavit that when she spoke with Darling again on May 30, 2002, he stated he could not revoke the IRS determination letter. In addition, Thiagarajan indicates that Darling stated that "at court, Plaintiffs could raise the issues written in their collection due process hearing

request according to the Internal Revenue Service manual." On May 31, 2002, Awad instituted this action seeking judicial review of the Notice of Determination. In his complaint, Awad requests relief in the form of a determination that the federal tax lien is improper, the removal of the federal tax lien, and an abatement of the penalties assessed.

## III. Analysis

### A. Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Colson v. Grohman, 174 F.3d 498, 506 (5th Cir.1999); Marshall v. East Carroll Parish Hosp. Serv. Dist., 134 F.3d 319, 321 (5th Cir.1998); Wenner v. Texas Lottery Comm'n, 123 F.3d 321, 324 (5th Cir.1997), cert. denied, 523 U.S. 1073, 118 S.Ct. 1514, 140 L.Ed.2d 667 (1998). "A fact is 'material' if it 'might affect the outcome of the suit under governing law.'" Bazan v. Hidalgo County, 246 F.3d 481, 489 (5th Cir.2001) (emphasis in original) (quoting Anderson, 477 U.S. at 248, 106 S.Ct. 2505); see Burgos v. Southwestern

Bell Tel. Co., 20 F.3d 633, 635 (5th Cir. 1994). "An issue is *genuine* if it is real and substantial, as opposed to merely formal, pretended, or a sham." *Bazan*, 246 F.3d at 489 (emphasis in original). Thus, a genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505. The moving party, however, need not negate the elements of the non-movant's case. *See Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir.1996) (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994)).

Once a proper motion has been made, the nonmoving party may not rest upon mere allegations or denials in the pleadings but must present affirmative evidence, setting forth specific facts, to show the existence of a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 322–23, 106 S.Ct. 2548; *Anderson*, 477 U.S. at 257, 106 S.Ct. 2505; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–86, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Rushing v. Kansas City S. Ry. Co.*, 185 F.3d 496, 505 (5th Cir.1999), *cert. denied*, 528 U.S. 1160, 120 S.Ct. 1171, 145 L.Ed.2d 1080 (2000); *Colson*, 174 F.3d at 506; *Marshall*, 134 F.3d at 321–22; *Wallace*, 80 F.3d at 1047; *Little*, 37 F.3d at 1075. "[T]he court must review the record 'taken as a whole.'" *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (quoting *Matsushita Elec. Indus. Co.*, 475 U.S. at 587, 106 S.Ct. 1348). All the evidence must be construed "in the light most favorable to the non-moving party without weighing the evidence, assessing its probative value, or resolving any factual disputes." *Williams v. Time Warner Operation, Inc.*, 98 F.3d 179, 181 (5th Cir.1996) (citing *Lindsey v. Prive Corp.*, 987 F.2d 324, 327 n. 14 (5th Cir.1993)); *see Reeves*, 530 U.S. at 150, 120 S.Ct. 2097; *Colson*, 174 F.3d at 506; *Marshall*, 134 F.3d at 321; *Messer v. Meno*, 130 F.3d 130, 134 (5th Cir.1997), *cert. denied*, 525 U.S. 1067, 119 S.Ct. 794, 142 L.Ed.2d 657 (1999); *Hart v. O'Brien*, 127 F.3d 424, 435 (5th Cir.1997), *cert. denied*, 525 U.S. 1103, 119 S.Ct. 868, 142 L.Ed.2d 770 (1999). "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255, 106 S.Ct. 2505; *Palmer v. BRG of Ga., Inc.*, 498 U.S. 46, 49 n. 5, 111 S.Ct. 401, 112 L.Ed.2d 349 (1990); *see Christopher Vill. Ltd. P'ship v. Retsinas*, 190 F.3d 310, 314 (5th Cir.1999); *Samuel v. Holmes*, 138 F.3d 173, 176 (5th Cir. 1998); *Marshall*, 134 F.3d at 321. The evidence is construed "in favor of the non-moving party, however, only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir.1999); *accord Little*, 37 F.3d at 1075 ("[w]e do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts.") (emphasis in original) (citing *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990)).

Furthermore, "'only *reasonable* inferences can be drawn from the evidence in favor of the nonmoving party.'" *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 469 n. 14, 112 S.Ct. 2072, 119 L.Ed.2d 265 (1992) (emphasis in original) (quoting *H.L. Hayden Co. of N.Y., Inc. v. Siemens Med. Sys., Inc.*, 879 F.2d 1005, 1012 (2d Cir.1989)). "If the [nonmoving party's] theory is . . . senseless, no reasonable jury could find in its favor, and summary judgment should be granted." *Id.* at 468–69, 112 S.Ct. 2072. The nonmovant's burden is not satisfied by "some metaphysical doubt as to material facts," conclusory allegations, unsubstantiated assertions, speculation, the mere existence of some alleged factual dispute, or "only a scintilla

of evidence." *Little*, 37 F.3d at 1075; *see Hart*, 127 F.3d at 435; *Wallace*, 80 F.3d at 1047; *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir.2002) (citing *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S.Ct. 195, 130 L.Ed.2d 127 (1994)); *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir.1990) (citing *Anderson*, 477 U.S. at 247–48, 106 S.Ct. 2505). Summary judgment is mandated if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof at trial. *See Nebraska v. Wyoming*, 507 U.S. 584, 590, 113 S.Ct. 1689, 123 L.Ed.2d 317 (1993); *Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. 2548; *Wenner*, 123 F.3d at 324. "In such a situation, there can be 'no genuine issue as to any material fact' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 322–23, 106 S.Ct. 2548.

### B. *Collection Due Process Review Procedure*

"Section 6321 of Title 26 of the United States Code provides that, '[i]f any person liable to pay any tax neglects or refuses to pay the same after demand, the amount ... shall be a lien in favor of the United States.' Similarly, if a person neglects or refuses to pay such tax within ten days after notice and demand for payment, the Secretary may collect such tax by levy upon property belonging to the taxpayer." *Roberts v. Commissioner of Internal Revenue*, 329 F.3d 1224, 1227 (11th Cir.2003) (citing 26 U.S.C. § 6331). In the Internal Revenue Service Restructuring and Reform Act of 1998, Congress enacted new sections 6320 (pertaining to liens) and 6330 (pertaining to levies) to provide due process protections for taxpayers involved in tax collection matters. *See* 26 U.S.C. §§ 6320, 6330; *Gregory v. United States*, No. CIV A 1:02–CV–889–CC, 2003 WL 701218, at *1 (N.D.Ga. Jan.15, 2003); *Fabricius v. United States*, No. CV–F–02–5597 REC/DLB, 2002 WL 31662301, at *2 (E.D.Cal. Oct.18, 2002); *Rennie v. Internal Revenue Serv.*, 216 F.Supp.2d 1078, 1079 (E.D.Cal.2002). Section 6330 generally provides that the IRS cannot proceed with the collection of taxes by way of a levy on a taxpayer's property until the taxpayer has been given notice of and the opportunity for an administrative review of the matter in the form of an Appeals Office due process hearing, and, if dissatisfied, with judicial review of the administrative decision. *See Roberts*, 329 F.3d at 1227; *Gregory*, 2003 WL 701218, at *1; *Fabricius*, 2002 WL 31662301, at *2; *Rennie*, 216 F.Supp.2d at 1079; *Davis v. Commissioner of Internal Revenue*, 115 T.C. 35, 37, 2000 WL 1048515 (2000); *Goza v. Commissioner of Internal Revenue*, 114 T.C. 176, 179–80, 2000 WL 283864 (2000). Under § 6330(a), a taxpayer receiving a Notice of Intent to Levy has thirty days in which to request an administrative CDP hearing. *See Fabricius*, 2002 WL 31662301, at *2; *Mesa Oil, Inc. v. United States*, No. Civ. A. 00–B–851, 2000 WL 1745280, at *3 (D.Colo. Nov.21, 2000). On January 18, 2002, regulations were enacted outlining the CDP hearing process, which apply to all levy actions commencing on or after January 19, 1999. *See* 67 Fed.Reg. 2549 (Jan. 18, 2002).

At the hearing, "[t]he appeals officer shall ... obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met." 26 U.S.C. § 6330(c)(1); *see Rennie*, 216 F.Supp.2d at 1080; *Mesa Oil, Inc.*, 2000 WL 1745280, at *3. With regard to the issues that may be raised at the hearing, the statute provides:

(2) Issues at hearing.–

(A) In general.–The person may raise at the hearing any relevant issue relating to the unpaid tax or the proposed levy, including–

(i) appropriate spousal defenses;

(ii) challenges to the appropriateness of collection actions; and

(iii) offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise.

(B) Underlying liability.–The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.

26 U.S.C. § 6330(c)(2).

■■■ Hence, the validity of the underlying tax liability may be raised at the CDP hearing only if the taxpayer "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." 26 U.S.C. § 6330(c)(2)(B); *see Tornichio v. United States*, 263 F.Supp.2d 1090, 1095 (N.D.Ohio 2002); *Lemieux v. United States*, 230 F.Supp.2d 1143, 1145 (D.Nev.2002); *Walker v. United States*, No. 01–CV–2058m, 2002 WL 31476653, at *2–4 (S.D.Cal. Aug.12, 2002); *Loofbourrow v. Commissioner of Internal Revenue Serv.*, 208 F.Supp.2d 698, 706 (S.D.Tex. 2002); *Konkel v. Commissioner of Internal Revenue*, No. 6:99–CV–1026–ORL–31C, 2000 WL 1819417, at *3–4 (M.D.Fla. Nov.6, 2000). "A 'notice of deficiency' is only required in situations where there is a deficiency (*e.g.* the amount of tax imposed by the IRS exceeds the amount of tax shown by the taxpayer on his return) and not in situations where, as here, a taxpayer fails to pay the amount of tax shown on the returns." *Jones v. Commissioner of In-*

*ternal Revenue*, 338 F.3d 463, 466 (5th Cir.2003); *accord Perez v. United States*, 312 F.3d 191, 196–97 (5th Cir.2002). "An opportunity to dispute a liability includes a prior opportunity for a conference with Appeals that was offered either before or after the assessment of the liability." 26 C.F.R. § 301.6330–1(e)(A–E2).

■■■ Pursuant to 26 U.S.C. § 6330(c)(3), the determination by the Appeals Officer at the conclusion of the administrative review process must take into consideration the following factors: " '(A) the verification [that the requirements of any applicable law or administrative procedure have been met]; (B) the issues raised [by the taxpayer]; and (C) whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary.' " *Mesa Oil, Inc.*, 2000 WL 1745280, at *3 (quoting 26 U.S.C. § 6330(c)(3)); *accord Rennie*, 216 F.Supp.2d at 1080; *Compucel Serv. Corp. v. Commissioner of Internal Revenue*, No. MJG–00–1092, 2002 WL 442254, at *1 (D.Md. Feb.15, 2002); *see* WILLIAM D. ELLIOT, FED. TAX COLLECT. LIENS & LEVIES ¶ 13.04[4][a] (2003). When a CDP hearing is requested, the proposed levy action is suspended while the hearing and any appeals are pending. *See Compucel Serv. Corp.*, 2002 WL 442254, at *2; *Mesa Oil, Inc.*, 2000 WL 1745280, at *3.

■■■ The taxpayer may obtain judicial review of an adverse determination at the administrative level by appealing within thirty days of the decision to the Tax Court or to the district court (in the event the Tax Court does not have jurisdiction of the underlying tax liability). *See* 26 U.S.C. § 6330(d)(1); *Rennie*, 216 F.Supp.2d at 1080; *Mesa Oil, Inc.*, 2000 WL 1745280, at *3. Because the Tax Court does not have jurisdiction with respect to employment tax liability, the district court is the proper

court in which to file a complaint contesting the assessment of employment taxes. *See Moore v. Commissioner of Internal Revenue,* 114 T.C. 171, 175, 2000 WL 283865 (2000). Proceedings under 26 U.S.C. § 6330(d) are in the nature of an appeal. *See The Inner Office, Inc. v. United States,* No. CIV. A. 3:00–CV–2576–L, 2002 WL 356749, at *2 (N.D.Tex. Feb.28, 2002). "[J]udicial review is limited to those issues *properly raised* during the collection due process hearing." *Konkel,* 2000 WL 1819417, at *3 (emphasis in original) (citing Temp. Treas. Reg. § 301.6330–1T(f)(Q–F5)(1999)); *accord Braggs v. United States,* No. CIV–02–0609–HE, 2003 WL 1950060, at *2 (W.D.Okla. Mar.17, 2003); *Martinec v. United States,* No. CV–S–01–1207–RLH LRL, 2002 WL 1987734, at *2 (D.Nev. July 10, 2002); *Loofbourrow,* 208 F.Supp.2d at 706; *The Inner Office, Inc.,* 2002 WL 356749, at *3; *Magana v. Commissioner of Internal Revenue,* 118 T.C. 488, 493, 2002 WL 1150745 (2002); *Miller v. Commissioner of Internal Revenue,* 115 T.C. 582, 589 n. 2, 2000 WL 1868089 (2000), *aff'd,* 21 Fed. Appx. 160, 2001 WL 1295315 (4th Cir. Oct.25, 2001).

▇ Although § 6330(d) provides for judicial review of the IRS's administrative determination, it is silent as to the standard of review a district court should apply when a taxpayer appeals a Notice of Determination by the IRS Appeals Office. *See Tornichio,* 263 F.Supp.2d at 1095; *Lemieux,* 230 F.Supp.2d at 1146; *Rennie,* 216 F.Supp.2d at 1080; *Mesa Oil Co.* 2000 WL 1745280, at *2. The legislative history indicates, however, that if the validity of the underlying tax liability was properly at issue at the administrative hearing, then the review is *de novo. See* H. Conf. Rep. 105–599, 266 (1998); U.S.Code Cong. & Admin. News 288 (1998); *Tornichio,* 263 F.Supp.2d at 1095; *Lemieux,* 230 F.Supp.2d at 1146; *Rennie,* 216 F.Supp.2d at 1080; *Mesa Oil Co.* 2000 WL 1745280,

at *2; *Konkel,* 2000 WL 1819417, at *3; *MRCA Info. Servs. v. United States,* 145 F.Supp.2d 194, 198–99 (D.Conn.2000); *Sego v. Commissioner of Internal Revenue,* 114 T.C. 604, 609–10, 2000 WL 889754 (2000). When the validity of the underlying tax assessment was not properly at issue at the CDP hearing, but another issue within the scope of the administrative appeal process was raised and determined, the administrative determination is reviewed for an abuse of discretion. *See Tornichio,* 263 F.Supp.2d at 1095; *Rennie,* 216 F.Supp.2d at 1080; *Sillavan v. United States,* No. 01CV803, 2002 WL 400804, at *3 (N.D.Ala. Jan.11, 2002); *Mesa Oil, Inc.,* 2000 WL 1745280, at *2; *Konkel,* 2000 WL 1819417, at *3; *MRCA Info. Servs.,* 145 F.Supp.2d at 198–99; *see also Davis,* 115 T.C. at 39; *Sego,* 114 T.C. at 609–10; *Goza,* 114 T.C. at 180.

C. *Exhaustion of Administrative Remedies*

▇ In the case at bar, the United States contends that Awad did not exhaust his administrative remedies by repeatedly failing to attend scheduled IRS Appeals hearings, thereby waiving his right to judicial review. Judicial review generally is not available when a taxpayer fails to exhaust the administrative remedies available to him. *See True v. United States,* 190 F.3d 1165, 1171 (10th Cir.1999) ("if the taxpayer does not adequately raise an issue at the administrative level, the courts have no jurisdiction to consider the issue in a later suit"); *Ahee v. United States,* No. CV–S–01–0211–KJD LRL, 2002 WL 1023165, at *1 (D.Nev. Dec.27, 2001); *Devore v. United States,* No. CV–N–99–466–ECT(PHA), 2000 WL 1141604, at *1 (D.Nev. June 19, 2000). When a taxpayer does not avail himself of a CDP hearing under 26 U.S.C. § 6330, administrative procedures have not been exhausted. *See In re Parker,* 279 B.R. 596, 606 (Bkrtcy.

S.D.Ala.2002); *see also Fabricius,* 2002 WL 31662301, at *2–3. Where a taxpayer receives notice of a tax liability and has been afforded an opportunity to dispute such tax liability at the administrative level, he may not subsequently raise a judicial challenge to the underlying liability pursuant to 26 U.S.C. § 6330(d)(1). *See Fossen v. Commissioner of Internal Revenue,* No. 00–70933, 4 Fed. Appx. 526, 526, 2001 WL 180503, at *1 (9th Cir. Feb.23, 2001); *Wald v. United States,* No. 01–7507–CV, 2002 WL 442262, at *2–3 (S.D.Fla. Feb.12, 2002); *Sillavan,* 2002 WL 400804, at *3.

■ Awad claims that he did not exhaust the administrative review process because he was "not afforded notice or an opportunity to challenge the assessment." This assertion is belied by the record, as his Request for a CDP Hearing makes it clear that he had been notified of his underlying tax liability, which, in this instance, is the penalties and interest assessed against him. *See* 26 U.S.C. § 6671. The attachment to the request reads, in pertinent part:

> We understand there are penalties related to late payment of taxes and penalties for not filing electronically. The schedule we have prepared shows that all taxes related to the lien have been paid.

> Because substantially all of the amount related to the lien is penalty related we would request a hearing to review the penalties assessed.

Moreover, it is apparent from the letters sent to Awad dated September 12, 2001, authored by Karen Lee ("Lee"), IRS Revenue Officer, that Awad had requested an abatement or adjustment of penalties, but the IRS had determined that he had not shown reasonable cause for such an action. In the second of these letters, Lee explains the reasons for the penalty adjustment denial. Among other points, Lee states:

> During most of our conversations when I advised you of the delinquent balances owed, both you and Ms. Herridge would respond stating that all taxes had been paid and that you were current with all federal tax deposit payments. The decision to abate penalties is determined by several factors including reasonable cause and prior history. According to our records, no estimated tax payments have been paid on your Form 1040, Personal Income Tax returns for 1999, 2000, or 2001. In addition, we have no record of the Form 1120, Corporate Income Tax returns being filed for American Nurses for Nurses, Inc[.] since 1997.

Yet, although Awad had been apprised of the penalties assessed and had requested a CDP hearing, he failed to appear at conferences scheduled by Darling for March 6, 2002, and April 1, 2002. Awad was notified of these meetings by letters dated February 12, 2002, and March 13, 2002, which were sent to the address listed on the Request for a CDP Hearing. Awad does not assert and provides no evidence that he did not receive the notification letters. In the absence of clear evidence to the contrary, the presumption of official regularity and of delivery justify the conclusion that the statutory notices were sent and delivered. *See United States v. Zolla,* 724 F.2d 808, 810 (9th Cir.), *cert. denied,* 469 U.S. 830, 105 S.Ct. 116, 83 L.Ed.2d 59 (1984); *United States v. Ahrens,* 530 F.2d 781, 784–85 (8th Cir.1976).

■ Awad maintains, however, that he assumed that his representative, Mead, would also be notified of the meetings. He states, "Plaintiffs presumed the Service would notice Plaintiffs' POA regarding any and all Appeals Hearings." Under the circumstances, this assertion appears disingenuous, at best, and does not serve to relieve Awad of his obligation to see that his business is in full compliance with the

tax laws. In fact, Mead was prohibited by law from receiving the notice because neither Mead nor Awad had submitted a Form 2848, Declaration of Representation, or other separate written consent to permit her to receive taxpayer information concerning Awad. *See* 26 U.S.C. § 6103(a), (c); 26 C.F.R. § 301.6103(c)–1. Moreover, it should have been apparent from Darling's letter of February 12, 2002, that he did not know which representative to notice. Darling wrote, "My records indicate that you have four forms 2848, Power of Attorney, filed for these tax periods. Please let me know which one of these representatives you would like me to meet with." Awad, however, made no effort to advise Darling of the identity of his selected representative.

Finally, Awad should have been under no misapprehension that his representative attended the first conference on his behalf when he received the second letter noting his failure to appear at the first meeting. In his letter of March 13, 2002, Darling wrote, "I scheduled a conference with you on March 6, 2002 but you failed to appear. I have rescheduled our conference for the date and time shown above [April 1, 2002 at 1:00 p.m.]." Thus, it was incumbent upon Awad to attend the second meeting, arrange for a representative to do so, or reschedule the conference. He did none of these things, nor did he notify Darling that he would not be in attendance. Although he now seeks to shift the blame to the IRS, contending that it did not follow normal notice procedures, it is Awad who is responsible for failing to avail himself of the administrative remedies offered by the IRS. Indeed, his disregard of IRS procedures is consistent with his and his administrator's prior failures to appear for appointments with the Compliance Division. Thus, as the result of Awad's failure to exhaust his administrative remedies, judicial review of this matter is foreclosed.

In any event, because Awad did not appear or participate in a CDP hearing, there are no issues before the court for review. Awad did not properly raise any challenges to the propriety of the penalties, the lien, or the levy during the CDP process because he failed to attend either of the scheduled hearings. As noted above, judicial review is limited to issues that were properly raised during a CDP hearing. *See Braggs*, 2003 WL 1950060, at *2; *Martinec*, 2002 WL 1987734, at *2; *Loofbourrow*, 208 F.Supp.2d at 706; *The Inner Office, Inc.*, 2002 WL 356749, at *3; *Magana*, 118 T.C. at 493; *Konkel*, 2000 WL 1819417, at *3; *Miller*, 115 T.C. at 589 n. 2. Treasury regulations state that taxpayers "can only request that the court consider an issue that was raised in the taxpayer's CDP hearing." 26 C.F.R. § 301.6320–1(f)(2)(Q & A–F5). The United States Tax Court has applied this regulation to preclude judicial review, holding that it would "consider only arguments, issues, and other matter[s] that were raised at the collection hearing or otherwise brought to the attention of the Appeals Office." *Magana*, 118 T.C. at 493. Likewise, judicial review of the determination in this case would be improper because the court can only review those arguments considered at the CDP hearing, which, in this instance, never occurred.

Although there is no requirement that a taxpayer be afforded a face-to-face meeting for the CDP process to be satisfied, the information provided the IRS must be adequate to permit a meaningful review of the issues. *See generally Loofbourrow*, 208 F.Supp.2d at 707; *Konkel*, 2000 WL 1819417, at *4; *Katz v. Commissioner of Internal Revenue*, 115 T.C. 329, 337, 2000 WL 1520318 (2000); *Davis*, 115 T.C. at 41–42. While the record contains one communication from Awad's representative to the Appeals Office, the Request for a CDP Hearing, this one document does not take

the place of a hearing. It does not adequately detail the factual bases for any of Awad's allegations so as to permit substantive analysis of his contentions. *See True*, 190 F.3d at 1171–72. The IRS must be apprised "of the nature of the claim and the underlying facts", so that it can make a thorough administrative investigation and determination, correct any errors, and " 'limit the scope of any ensuing litigation to those issues which have been examined and which [it] is willing to defend.' " *Id.* at 1172 (quoting *Stelco Holding Co. v. United States*, 42 Fed. Cl. 101, 108 (1998) (quoting *Union Pac. R.R. Co. v. United States*, 182 Ct.Cl. 103, 389 F.2d 437, 442 (1968))); *see also McKart v. United States*, 395 U.S. 185, 194–95, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969) (generally addressing administrative exhaustion requirements to promote the practical notions of judicial efficiency, administrative autonomy, and effective agency procedures). As the United States argues, "an IRS Appeals representative cannot be expected to conduct a meaningful review without receiving a more detailed explanation. Even if the request was more detailed, a hearing might still have been required." In short, the IRS is not required to "ferret out possible grounds for relief which a taxpayer might assert." *Herrington v. United States*, 416 F.2d 1029, 1032 (10th Cir.1969).

Hence, in the absence of a CDP hearing, no issues are before the court for review with regard to the propriety of the penalties and interest assessed against Awad or the appropriateness of the lien and proposed levy.

### D. *Judicial Review*

█ Assuming, *arguendo*, that the attachment to the Request for a CDP Hearing sufficed to satisfy the exhaustion requirement and to permit judicial review, the analysis and determination by the Appeals Officer remain sound. Upon Awad's failure to appear for two scheduled CDP hearings, the Appeals Officer made a determination after reviewing all account transcripts and case file history. He verified that all statutory, regulatory, and administrative requirements for the proposed collection action had been met. *See 26 U.S.C. 6330(c).* The Appeals Officer utilized Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, attached to the United States' motion, to satisfy the investigation requirement of § 6330(c)(1). Courts have routinely upheld the use of Form 4340 for such purpose. *See, e.g., Jones*, 338 F.3d at 466; *Roberts*, 329 F.3d at 1228; *Perez*, 312 F.3d at 195; *Huff v. United States*, 10 F.3d 1440, 1446–47 (9th Cir.1993), *cert. denied*, 512 U.S. 1219, 114 S.Ct. 2706, 129 L.Ed.2d 834 (1994); *Farr v. United States*, 990 F.2d 451, 454 (9th Cir.1993); *Hughes v. United States*, 953 F.2d 531, 538–40 (9th Cir.1992); *Lemieux*, 230 F.Supp.2d at 1146; *Davis*, 115 T.C. at 41. "IRS Form 4340 constitutes valid evidence of a taxpayer's assessed liabilities and the IRS's notice thereof." *Perez*, 312 F.3d at 195 (citing *McCarty v. United States*, 929 F.2d 1085, 1089 (5th Cir.1991)). Awad did not present any evidence to the contrary to the Appeals Office, nor has he submitted any controverting evidence to this court.

In the determination, the Appeals Officer lists the issues generally outlined in Awad's Request for a CDP Hearing and addresses and counters each issue to the extent information was available. Because Awad did not explain the "dramatic changes" allegedly made in the method of making payroll tax deposits, the "extenuating problems" which purportedly created the penalties, or the "extremely adverse [e]ffects" on Stat's banking relationship which assertedly could have resulted in business shutdown, the Appeals Officer was limited as to the extent of consideration or analysis he could accord each allegation. Recognizing that these issues

were not properly raised at a CDP hearing, however, the Appeals Officer adds, "Unfortunately, we will not be able to address any of these issues since you did not appear for the hearing I set for March 6, 2002 at 9:00 am or April 1, 2002 at 1:00 p.m." He also observes that "[n]o collection alternatives were raised since no conferences took place," acknowledging that Awad and the "revenue officer were exploring terms of an installment agreement but had not come to terms."

Finally, the Appeals Officer addresses whether the proposed collection action balanced the need for the efficient collection of taxes with the legitimate concern of the taxpayer that the collection action be no more intrusive than necessary. He finds that "[t]he filing of a lien was the least intrusive method of protecting the Government's interest," noting that a lien had been filed against Awad in the past and the business is still operating. Awad has not shown that any irregularity existed in the IRS's assessment or collection procedures. He also "made no proposal to the Appeals Officer that would have required, or even justified a deferral of collection by levy," nor has he "suggested to this Court a reasonable basis for delaying collection by levy." *Compucel Serv. Corp.*, 2002 WL 442254, at *3. The proposal to "discuss how we can best handle the balance due without lien filings" does not suffice as a request to enter into an extended installment payment in lieu of a levy. While Awad now contends that he has made an offer of compromise to the IRS, he does not divulge the terms of any such offer to the court or submit evidence disclosing its parameters. Moreover, although Awad complains that the Appeals Officer's refusal to reopen the hearing in light of his alleged offer of compromise was an abuse of discretion, "[m]atters raised after a hearing do not reflect on whether the determinations that are the basis of this petition were an abuse of discretion." *Sego,*

114 T.C. at 612; *accord Magana,* 118 T.C. at 494.

■ Similarly, Darling's alleged statements to Thiagarajan regarding the scope of judicial review provide no basis for relief. " '[A] private individual asserting estoppel against the government has a very heavy burden to bear.' " *FDIC v. Royal Park No. 14, Ltd.,* 2 F.3d 637, 641 (5th Cir.1993) (quoting *Jones v. Department of Health & Human Servs.,* 843 F.2d 851, 853 (5th Cir.1988)); *accord Duthu v. Sullivan,* 886 F.2d 97, 99 (5th Cir.1989), *cert. denied,* 496 U.S. 936, 110 S.Ct. 3213, 110 L.Ed.2d 661 (1990) (citing *Heckler v. Community Health Servs. of Crawford County, Inc.,* 467 U.S. 51, 60, 104 S.Ct. 2218, 81 L.Ed.2d 42 (1984)). The Fifth Circuit has noted that "to state a cause of action for estoppel against the government, a private party must allege more than mere negligence, delay, inaction, or failure to follow an internal agency guideline." *Fano v. O'Neill,* 806 F.2d 1262, 1265 (5th Cir.1987); *see Moosa v. INS,* 171 F.3d 994, 1003 (5th Cir.1999); *REW Enters., Inc. v. Premier Bank, N.A.,* 49 F.3d 163, 169–70 (5th Cir. 1995). Absent affirmative misconduct, " 'the government cannot be bound by unauthorized or incorrect statements of its agents.' " *Triplett v. Heckler,* 767 F.2d 210, 213 (5th Cir.1985), *cert. denied,* 474 U.S. 1104, 106 S.Ct. 889, 88 L.Ed.2d 923 (1986) (quoting *United States v. Thompson,* 749 F.2d 189, 193 (5th Cir.1984)). Here, because Awad has made no showing of affirmative misconduct on the part of Darling, the United States is not bound by his alleged statements regarding the issues that could be raised in court.

Thus, in the absence of countervailing evidence and in view of Awad's failure to appear for two scheduled CDP hearings, as well as his history of recalcitrance with regard to the payment of employment taxes, the Appeals Officer made a reasonable

determination that the lien will remain in place. Without regard to whether an abuse of discretion or *de novo* standard of review applies in this situation, the determination must stand, as Awad has not demonstrated that the Appeals Officer abused his discretion or reached an erroneous conclusion regarding the propriety of the lien and proposed levy. The Fifth Circuit equates the phrase "abuse of discretion" with "arbitrary and capricious." *See Matassarin v. Lynch,* 174 F.3d 549, 563 (5th Cir.1999), *cert. denied,* 528 U.S. 1116, 120 S.Ct. 934, 145 L.Ed.2d 813 (2000); *Sweatman v. Commercial Union Ins. Co.,* 39 F.3d 594, 601 (5th Cir.1994). "An abuse of discretion necessarily occurs where an act can only be described as clearly improper." *Beall v. United States,* 336 F.3d 419, 425 (5th Cir.2003) (citing *United States v. O'Neil,* 709 F.2d 361, 372 n. 11 (5th Cir.1983)).

The issues to which Awad briefly alludes in the Attachment to his Request for a CDP Hearing are conclusory in nature and without factual support. Because he attended neither of the scheduled hearings, Awad did not raise any viable challenges to his underlying tax liability or demonstrate the propriety of an abatement of the penalties during the administrative process. In light of Awad's failure to raise any cognizable issues during the administrative review procedure, "it would be anomalous and improper for [the court] to conclude that respondent's Appeals Office abused its discretion under section 6330(c)(3) in failing to grant relief, or in failing to consider arguments, issues, or other matter not raised by taxpayers or not otherwise brought to the attention of respondent's Appeal Office." *Magana,* 118 T.C. at 493. The court "cannot find an abuse of discretion where there is no evidence that the Commissioner exercised any discretion at all." *McCoy Enters., Inc. v. Commissioner of Internal Revenue,* 58 F.3d 557, 563 (10th Cir.1995); *accord Magana,* 118 T.C.

at 493–94; *see Chimblo v. Commissioner of Internal Revenue,* 177 F.3d 119, 126 (2d Cir.1999), *cert. denied,* 528 U.S. 1154, 120 S.Ct. 1159, 145 L.Ed.2d 1071 (2000). In the court's view, the Appeals Officer's refusal to ascribe merit to Awad's conclusory allegations was not arbitrary or capricious and does not constitute an abuse of discretion.

Even under a *de novo* standard of review, the Appeals Officer's determination that the underpayment penalties and tax lien are valid must be sustained. The record reflects that Awad self-assessed Stat's employment taxes on his tax returns but failed to pay those taxes on a timely basis, in effect conceding that he underpaid the applicable taxes. The Form 4340's attached to the United States' motion provide at least presumptive evidence that all legal and procedural requirements were met and that the taxes, penalties, and interest were validly assessed. *See Jones,* 338 F.3d at 466; *Roberts,* 329 F.3d at 1228; *Perez,* 312 F.3d at 195; *Huff,* 10 F.3d at 1446–47; *Farr,* 990 F.2d at 454; *Hughes,* 953 F.2d at 538–40; *Lemieux,* 230 F.Supp.2d at 1146; *Davis,* 115 T.C. at 41. Awad has adduced no evidence to rebut such presumption. Furthermore, he presented no evidence to the IRS Appeals Office, the IRS Compliance Division, or this court indicating that the penalties should be abated for reasonable cause. "In sum, [Awad] has not made a showing justifying any further delay in IRS collection efforts." *Compucel Serv. Corp.,* 2002 WL 442254, at *4. Therefore, the Appeals Office did not err in determining that Awad is liable for penalties and interest arising from his underpayment of employment taxes and that the resulting lien and proposed levy are valid.

IV. *Conclusion*

Awad has failed to present a claim that would entitle him to relief with respect to

the determination of the IRS Appeals Office regarding his liability for penalties and interest resulting from his underpayment of Stat's employment taxes. There are no outstanding issues of material fact, and the United States is entitled to judgment as a matter of law.

Accordingly, the United States' Motion to Dismiss or for Summary Judgment is granted, and the determination made by the IRS Appeals Office is affirmed.

IT IS SO ORDERED.

### FINAL JUDGMENT

In accordance with the Court's Memorandum and Order signed August 13, 2003, granting Defendant's Motion to Dismiss or for Summary Judgment, the Court renders Final Judgment in favor of Defendant United States of America. The determination of the IRS Appeals Office is affirmed. Plaintiff Naman Abu–Awad, doing business as Stat Physical Therapy, shall take nothing by his suit.

This is a FINAL JUDGMENT.