Jean Guy **FOURNIER** and Eileen Fournier, Plaintiffs,

v.

**COMMISSIONER OF INTERNAL REVENUE SERVICE AND MW BUILDERS, INC., Defendants.**

**No. A–04–CA–706–LY.**

United States District Court, W.D. Texas, Austin Division.

Dec. 6, 2006.

William F. Kemp, The Law Offices of William F. Kemp, Austin, TX, for Petitioners.

Christopher S. Stacy, Ira A. Lipstet, Matthew J. Sullivan, Dubois Bryant Campbell & Schwartz, LLP, Austin, TX, for Defendant.

Jon E. Fisher, Department of Justice, Dallas, TX, for Respondent.

## MEMORANDUM OPINION AND ORDER

YEAKEL, District Judge.

Before the Court is Defendant MW Builders, Inc.'s Motion to Dismiss Under Rules 12(b)(1) and 12(b)(6) filed August 3, 2006 (Clerk's Document 18), Plaintiffs' Response to MW Builders, Inc.'s Motion to Dismiss Under Rules 12(b)(1) and 12(b)(6) filed September 25, 2006 (Clerk's Document 20), and MW Builders, Inc.'s Reply to Plaintiffs' Response to MW Builders, Inc.'s Motion to Dismiss Under Rules 12(b)(1) and 12(b)(6) filed September 25, 2006 (Clerk's Document 25); United States of America's Motion to Dismiss or for Summary Judgment and Brief filed August 4, 2006 (Clerk's Document 19) and Plaintiffs' Response to United States of America's Motion to Dismiss or for Summary Judgment and Brief filed September 25, 2006 (Clerk's Document 26).

## I. Facts

Plaintiffs Jean Guy Fournier and Eileen Fournier were first notified on March 11, 2003, of proposed penalties associated with employment-tax liabilities incurred by the Fourniers' former business when they each received a letter describing Trust Fund Recovery Penalties that the Internal Revenue Service ("IRS") proposed assessing against them.[1] The Fourniers did not appeal the proposed assessment. The Commissioner assessed the penalties against the Fourniers on July 14, 2003. *See* 26 U.S.C. § 6672.[2] Having not received payment of the assessed penalties by November 24, 2003, the Commissioner sent each of the Fourniers a "Notice of Federal Tax Lien Filing and Your Right to a Hearing under IRC § 6320." Upon receiving notice of the tax lien, the Fourniers timely requested, and subsequently attended, a collection due-process hearing. At the hearing, the IRS appeals officer sustained the lien filed against the Fourniers' property, issuing notices of determination concerning the liens on September 30, 2004. The Fourniers filed this action on October 29, 2004, seeking review of the IRS appeals officer's determination.

---

1. This Memorandum Opinion and Order will refer to Defendant Commissioner of the Internal Revenue Service as "Commissioner" and will refer to Defendant MW Builders, Inc. as "MW Builders." When referring to both Defendants, the term "Defendants" will be used.

2. Although the parties' filings do not reflect when the Internal Revenue Service demanded payment of the penalties, this Court will presume that it demanded that the Fourniers pay the penalties before November 24, 2003.

## II. Subject–Matter Jurisdiction

■ The Court must evaluate its subject-matter jurisdiction as a threshold matter before resolving any issues on the merits of a cause. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). The Internal Revenue Code provides the district court with jurisdiction to consider a timely appeal of a notice of determination concerning an action to collect employment-tax liability. 26 U.S.C. § 6330(d)(1); *see Abu–Awad v. United States*, 294 F.Supp.2d 879, 887 (S.D.Tex.2003) (stating that district court is proper court in which to appeal adverse determination by IRS appeals officer, because Tax Court does not have jurisdiction with respect to employment-tax liability). The Fourniers filed this appeal of the notice of determination on October 29, 2004, within thirty days of receipt of their respective notices of determination. The appeal of the notice of determination is properly before this Court.

## III. MW Builders's Motion to Dismiss

MW Builders moves for this Court to dismiss the Fourniers' claims against it. Upon consideration of the pleadings, the motion, the response, and the reply, this Court will grant MW Builders's motion. The Fourniers argue that MW Builders controlled the Fourniers' bank accounts and refused to pay the taxes asserted by the IRS. Thus, argue the Fourniers, the taxes should have been assessed against MW Builders, not against them. Their naming of MW Builders as a defendant in this action appears to be an attempt by the Fourniers to bring MW Builders before this Court in order for the Court to make the determination of liability that the Fourniers assert should have been made by the IRS appeals officer at the collection due-process hearing. For the reasons to follow in this Order, the Court will grant summary judgment affirming the decision made by the IRS appeals officer at the collection due-process hearing. Accordingly, to the extent that the Fourniers have asserted a cause of action against MW Builders in their complaint, the Court will dismiss the Fourniers's claims as to MW Builders.

## IV. Summary Judgment

### A. Standard of Review of a Summary–Judgment Motion

The Commissioner moves for this Court to grant summary judgment on the Fourniers' claims, arguing that the IRS did not abuse its discretion in upholding the collection activity against the Fourniers. A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "An issue is material if its resolution could affect the outcome of the action." *Commerce & Indus. Ins. Co. v. Grinnell Corp.*, 280 F.3d 566, 570 (5th Cir.2002) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). In deciding whether fact issues exist, the Court "must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Id.* Further, the Court, in determining whether there is a genuine dispute as to any material fact, must consider all of the evidence in the record, but does not make credibility determinations or weigh the evidence. *Austin v. Will–Burt Co.*, 361 F.3d 862, 866 (5th Cir.2004). "The nonmovant must respond to the motion for summary judgment by setting forth particular facts indicating that there is a genuine issue for

trial." Fed.R.Civ.P. 56(e); *Caboni v. General Motors Corp.*, 278 F.3d 448, 451 (5th Cir.2002). As the Fourniers have not presented evidence challenging the summary judgment evidence submitted by the Commissioner or otherwise contested the facts presented by the Commissioner, this Court considers the facts as presented by the Commissioner to be undisputed.

## B. The Collection Due–Process Hearing and Notices of Determination

The summary-judgment evidence shows that the IRS appeals officer recommended that the lien against the Fourniers be sustained. First, the officer reviewed the account transcripts and case file histories, determining that all legal and procedural requirements for filing the lien had been met by the IRS. The officer then addressed two issues raised by the Fourniers. Noting that the Fourniers contested the underlying tax liability, the officer determined that the underlying liability could not be considered at the hearing because the Fourniers had a prior opportunity to address their tax liability when the letters proposing the assessments were first issued by the Commissioner in March 2003, and they did not appeal the proposed assessments. Second, the officer noted that the Fourniers requested that the Commissioner wait to proceed with collection until a then-pending lawsuit brought by them against MW Builders was resolved. The Fourniers presented the officer with the scheduling order in that case. *See Roberts v. MW Builders, Inc.*, A–03–CA–895 (W.D.Tex. October 27, 2004). The officer reviewed the scheduling order and determined that the collection of the liability could not be postponed until after resolution of the civil suit. The Fourniers informed the officer that they were not interested in discussing alternative collection methods at the hearing, so the officer did not consider other methods of collection. Finally, the officer made a finding that the lien was "not unnecessarily intrusive and balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer, that any collection action be no more intrusive than necessary." The officer thus recommended that the lien be sustained and sent notices of determination on September 30, 2004, reflecting these considerations and the conclusion to sustain the lien.

## C. Standard of Review of IRS Appeals Officer's Determination

In collection due-process hearing reviews, the district court applies *de novo* review if the validity of the tax liability was properly at issue at the hearing, and applies abuse-of-discretion review when the tax liability was not properly at issue. *Munguia Printers, Inc. v. United States*, 2005 WL 495034, 2005–2 U.S. Tax. Cas. (CCH) P50,632 (W.D.Tex.2005); *Abu–Awad*, 294 F.Supp.2d at 887; *Sego v. Commissioner*, 114 T.C. 604, 610, 2000 WL 889754 (2000). The validity of the underlying tax liability may be raised at the collection due-process hearing if the taxpayer did not receive a notice of deficiency or have the opportunity to dispute the tax liability. *Id.* The Fourniers received statutory notice of the deficiencies and had an opportunity to dispute the penalties following their receipt of the proposed assessments, but they did not appeal such assessments. The underlying tax liability was therefore not properly before the IRS appeals officer at the hearing. The district court will therefore review any decisions made at the hearing for abuse of discretion. *See Munguia Printers, Inc,* 2005 WL 495034, 2005–2 U.S. Tax. Cas. (CCH) at *3–4; *Abu–Awad,* 294 F.Supp.2d at 887; *Sego,* 114 T.C. at 610. Although the Fourniers have raised several issues in

their complaint, this Court's judicial review of the IRS appeals officer's determination is narrowed to those issues that were properly before the officer at the hearing. *See Loofbourrow v. Commissioner,* 208 F.Supp.2d 698, 708 (S.D.Tex.2002).

### D. Analysis

The Code requires the IRS appeals officer at a collection due-process hearing to take into consideration (1) verification that the requirements of any applicable law or administrative procedure have been met, (2) issues raised by the taxpayer, and (3) whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary. 26 U.S.C. § 6330(c)(3). The record reveals that the IRS appeals officer engaged in the analysis required by the Internal Revenue Code prior to issuing the determination. *See* 26 U.S.C. § 6330(c)(2)(B). The officer reviewed the account transcript and case file histories to conclude that all requirements of applicable legal and procedural requirements had been followed. The Fourniers have not contested the officer's determination that the Code's legal and procedural requirements were followed.

■ The appeals officer also considered the issues raised by the Fourniers at the hearing, addressing each one specifically. The Fourniers' primary argument was that the IRS should defer collection of their tax liabilities until their former lawsuit with MW Builders was resolved. The appeals officer determined that the collection action could not wait until the civil suit with MW Builders had concluded. That lawsuit has now settled. *See Roberts v. MW Builders, Inc.,* A–03–CA–895 (W.D.Tex. Sept. 28, 2005). In this appeal, the Fourniers do not specifically object to the Commissioner's determination to proceed with

tax liens against them during the time period prior to that settlement. At the hearing, the Fourniers also purported to challenge the underlying tax liability, but the officer correctly determined that their tax liability was not properly before the officer at the hearing because of the Fourniers' failure to challenge the proposed assessments following their receipt of the letters sent by the IRS in March 2003. This Court holds that there was no abuse of discretion in the IRS appeals officer's detailed consideration of the issues raised by the Fourniers at the hearing.

Finally, the IRS appeals officer determined that the Fourniers' concerns of intrusiveness of the tax lien were outweighed by the need for efficient collection of taxes. The Fourniers have not provided this Court with a reason that this determination was erroneous. Despite advising the Fourniers that the appeals officer would consider any proposed alternatives to collection, the Fourniers suggested no alternatives to the tax lien on their property. This Court finds no basis to conclude that the IRS abused its discretion on this issue.

In conclusion, the Fourniers have presented no arguments leading this Court to find a genuine issue of material fact as to whether the IRS appeals officer's decision at the Fourniers' collection due-process hearing constituted an abuse of discretion. *See* Fed.R.Civ.P. 56(e); *Caboni v. General Motors Corp.,* 278 F.3d 448, 451 (5th Cir. 2002). The Court will therefore grant summary judgment affirming the determination by the IRS appeals officer to sustain the notices of federal tax liens against the Fourniers' property.

**IT IS THEREFORE ORDERED** that United States of America's Motion to Dismiss or for Summary Judgment and Brief (Clerk's Document 19) is **GRANTED** as set forth herein.

**IT IS FURTHER ORDERED** that Defendant MW Builders, Inc.'s Motion to Dismiss Under Rules 12(b)(1) and 12(b)(6) (Clerk's Document 18) is **GRANTED** as set forth herein.