Michael F. PELLICCIO

v.

UNITED STATES of America,
Commissioner of Internal
Revenue

No. 3:01CV601(AHN).

United States District Court,
D. Connecticut.

Feb. 4, 2003.

Kenneth A. Votre, Hurwitz, Cooper, Silverman & Votre, New Haven, CT, for Plaintiff.

Brenda M. Green, U.S. Attorney's Office, New Haven, CT, Karin E. Wozniak, U.S. Department of Justice, Washington, DC, for Defendant.

*RULING ON MOTION TO AFFIRM DETERMINATION CONCERNING COLLECTION ACTION*

NEVAS, District Judge.

This is an action for judicial review of an administrative determination concerning collection action. The plaintiff, Michael F. Pelliccio ("Pelliccio"), seeks to have the assessments made against him by the Internal Revenue Service ("IRS") pursuant to Section 6672 reviewed and set aside. Pending before the court is the defendant's motion to affirm the determination of the IRS. For the following reasons, the motion [doc. # 12] is GRANTED.

*FACTS*

On November 13, 1995, August 12, 1995, and March 24, 1997, the IRS made a tax assessment pursuant to § 6672 against Pelliccio as a responsible person of State Welding and Fabricating, Inc., for willful failure to collect, truly account for and pay over income and FICA taxes that were withheld from employee wages for the tax periods ending December 31, 1993, December 31, 1995 and September 30, 1996, respectively.

Notices of these assessments and demand for payment was duly made on Pelliccio.

On January 28, 2000, the IRS sent Pelliccio form letter 1058. The letter was captioned:

FINAL NOTICE NOTICE OF INTENT TO LEVY AND NOTICE OF YOUR RIGHT TO A HEARING PLEASE RESPOND IMMEDIATELY

The text of the letter stated:

Your Federal tax is still not paid.... This letter is your notice of our intent to levy under Internal Revenue Code (IRC) Section 6331 and your right to receive Appeals consideration under IRC Section 6330.

We may file a Notice of Federal Tax Lien at any time to protect the government's interest....

If you don't pay the amount you owe, make alternative arrangements to pay, or request Appeals consideration within 30 days from the date of this letter, we may take your property.... We've enclosed Publication 594 with more information, Publication 1660 explaining your right to appeal, and Form 12153 to request a Collection Due Process Hearing with Appeals.

Pelliccio timely requested a collection due process hearing. He claimed that he was not a responsible person liable for the tax because he had transferred ownership and was not involved in the business on a regular basis during the applicable periods. He also claimed that the IRS failed to comply with its obligations under § 6320, because it sent a Final Notice after he requested a due process hearing on a prior identical Notice of Intent to Levy. He did not present any alternatives to the proposed collection action.

Upon receipt of this form, the IRS officer handling the collection due process hearing reviewed Pelliccio's administrative file. He noticed that Form Letter 1153 was sent to Pelliccio each time one of the assessments was made. That letter advised Pelliccio that if he did not agree with the assessment, or had any additional information to support his case, he should contact the IRS within 10 days. The letter also advised Pelliccio that he had the right to appeal within 60 days, and provided instructions explaining where and how to appeal and how to prepare a protest. It also stated "[i]f you ask for one, a hearing will be arranged."

Pelliccio did not avail himself of any of the alternatives set forth in any of the

three 1153 letters that were sent to him. Accordingly, the IRS officer concluded that Pelliccio's failure to avail himself of the alternatives described in the letters precluded his right to challenge the merits of the assessments in a collection due process hearing under § 6330.

On October 20, 2000, the IRS officer wrote to Pelliccio's attorney advising him that a collection due process hearing was scheduled for December 20, 2000. The letter also stated "[i]f you would like to propose alternatives to the proposed collection action please have [Pelliccio] complete and return the attached 433–A."

On December 18, 2000, two days before the scheduled hearing, Pelliccio's attorney phoned the IRS to advise them that they did not believe it was necessary to appear in person at the hearing and would send all information through the mail.

Pelliccio's attorney thereafter sent a letter containing Pelliccio's claim that he was not liable for the assessments because he transferred ownership and was no longer involved in the business after May, 1994, and was thus not a responsible person. The letter also stated that "[Pelliccio] has not to date had the opportunity to appeal or otherwise contest the merits of the assessment of the penalties either at appeals or in the Tax Court." The letter did not propose any alternatives to the proposed collection action.

In a letter dated January 3, 2001, the IRS officer responded to the claim that Pelliccio had not had an opportunity to contest the merits of the assessment. The letter stated

> Our records indicated that the opportunity to appeal the assessments was presented via Letter 1153 prior to each assessment. As such, I may not consider the current liability challenge under IRC § 6330. You maintain the right to pay a portion of the tax and to file a

refund claim with the IRS and if necessary in District Court.

> ... The controlling issue under IRC § 6330 is whether any liability arguments can be considered. Based on receipt of the Letter 1153's [sic] it would appear that the liability may not be challenged under IRC although remedy may still be available in a refund claim procedure at District Court.

> Despite the inability to challenge the assessments I am able to consider any alternatives you wish to propose in order to avoid any further collection action. Please submit to me your payment proposal no later than January 24, 2001. If I do not hear from you a Notice of Determination will be issued based on the available information.

In that same letter the IRS officer also responded to Pelliccio's substantive claim that he was not a responsible person or liable for the taxes. Specifically, the letter stated that Pelliccio's evidence was insufficient to support his claim because "the fact that the successive owner was to pay the taxes ... does not mitigate the responsibility of those assessed under IRC § 6672 unless such payment is received." The letter also stated "[t]he documentation you presented is inconclusive and does not indicate to me that the assessments were inappropriate. The controlling issue under IRC § 6330 is whether any liability arguments can be considered. Based on receipt of the Letter 1153's [sic] it would appear that the liability may not be challenged under IRC § 6330...." Neither Pelliccio nor his attorney responded to that letter.

Thereafter, the IRS officer determined that all the legal and administrative requirements had been met, and all assets and income available for partial payment of the delinquent penalties had been iden-

tified, and concluded that Pelliccio had an ability to pay $100 per month. The IRS officer determined that the proposed collection action was appropriate and, upon considering Pelliccio's legitimate concerns of intrusiveness, determined that the need for efficient collection of the taxes outweighed them. Accordingly, on March 13, 2001, a Notice of Determination Concerning Collection Action(s) under Section 6320 and/or 6330, Letter 3194–c, was issued to Pelliccio. The IRS officer's conclusions were set forth in Attachment 3194 to the Notice of Determination.

On April 12, 2001, Pelliccio filed the complaint in this action seeking judicial review of the determination concerning collection.

## DISCUSSION

The government has moved to affirm the administrative determination concerning collection action. It contends that the court does not have jurisdiction under § 6330 to review and set aside Pelliccio's liability for the tax assessments pursuant to § 6672 because § 6630 review is limited to claims properly raised in the collection due process hearing. *See* 26 C.F.R. § 301.6330–1(f)(2), Q–F5 & A–F5. It maintains that the issue of Pelliccio's tax liability was not appropriate for consideration in the collection due process hearing because Pelliccio had a prior opportunity to dispute liability but failed to avail himself of that right. *See* 26 U.S.C. § 6330(c)(2)(A); *see also Konkel v. Commissioner*, No. 6:99CV1026–DRL–31C, 2000 WL 1819417, at *4 (M.D.Fla. Nov. 6, 2000).

In opposition, Pelliccio asserts that he did raise and challenge the issue of his responsible person status and liability for the assessments at a collection due process hearing and that his claims were addressed and decided by the IRS officer. In support of this claim, Pelliccio relies on

the fact that in the January 3, 2001, letter and in Attachment 3194 to the Notice of Determination, the IRS officer discussed and rejected his challenges, even though he noted that he was without jurisdiction to do so. Pelliccio cites no authority for his contention that the "IRS cannot on one hand take the position it is without jurisdiction to consider liability, and on the other hand deny reviewability of the decision made by the appeal officer." Pelliccio also contends that the IRS officer's determination did not constitute meaningful review as required by statute and case law. There is no merit to Pelliccio's contentions.

■ A taxpayer is precluded from challenging the existence or amount of tax liability at a § 6330 hearing if he received a statutory notice of deficiency or otherwise had an opportunity to dispute liability. *See* 26 U.S.C. § 6330(c)(2)(A); *see also Konkel*, 2000 WL 1819417, at *3. An opportunity to dispute liability includes an opportunity for a conference with the IRS Office of Appeals either before or after the assessment of the liability. *See* 26 C.F.R. § 301.6330–1(e)(3), Q–E2 and A–E2; *Konkel*, 2000 WL 1819417, at *3. A taxpayer who receives notice of the liability and is offered an opportunity for a hearing, but does not avail himself of the opportunity cannot dispute the liability at a collection due process hearing. *See Konkel*, 2000 WL 1819417, at *3; *Sego v. Commissioner*, 114 T.C. 604, 610, 2000 WL 889754 (2000); *Goza v. Commissioner*, 114 T.C. 176, 182–83, 2000 WL 283864 (2000).

■ In this case, Pelliccio received Letter 1153 prior to each assessment. The letter notified him of the assessment and informed him of his right to appeal and his right to a hearing. Pelliccio did not avail himself of his right to appeal or to a hearing. But, because he was afforded a prior opportunity to contest the merits of

his liability, the challenge was not properly raised at the collection due process hearing.

Thus, because judicial review under § 6330 is limited to issues properly raised during the collection due process hearing, this court does not have jurisdiction to review the merits of Pelliccio's tax liability. The fact that the IRS officer responded to Pelliccio's challenge to liability does not expand the court's statutory grant of jurisdiction to review only those issues that were properly raised at the hearing.

■ The court does, however, have jurisdiction pursuant to § 6330(d)(1) to affirm the notice of determination concerning collection action. Because the underlying tax liability is not at issue, the court reviews the decision of the IRS officer for abuse of discretion. *See Davis v. Commissioner*, 115 T.C. 4, (2000); *AJP Management v. United States*, No. SA CV 99–1541 AHS ANK, 2000 WL 33122693 (C.D.Cal. Nov. 27, 2000).

■ In formulating the determination, the statute requires the IRS officer to take into consideration (1) verification that the requirements of any applicable law or administrative procedure have been met, (2) issues raised by the taxpayer, and (3) whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary. *See* 26 U.S.C. 6330(c)(3).

The record in this case discloses that the IRS officer engaged in the required analysis prior to issuing the determination. He reviewed the administrative file and concluded that all requirements of applicable law and administrative procedure had been met with respect to the assessments and the proposed collection action. He considered all issues properly raised and pursued by Pelliccio. Moreover, despite advising Pelliccio numerous times that he would consider any proposed alternatives to collection, Pelliccio did not propose any alternatives. Finally, the IRS officer determined that Pelliccio's legitimate concerns of intrusiveness were outweighed by the need for efficient collection of taxes. Accordingly, the court finds no basis to conclude that the IRS abused its discretion in issuing the notice of determination.

### CONCLUSION

For the foregoing reasons, the government's motion to affirm determination of collection action [doc. # 12] is GRANTED. The Clerk shall enter judgment for the Commissioner and close this case.