Catherine Peters **BARTOLOMEO,**
Plaintiff

v.

**UNITED STATES of America, Department of the Treasury, Internal Revenue Service and Commissioner of Internal Revenue, Defendants.**

**No. CIV. 01–1020.**

United States District Court,
W.D. Pennsylvania.

Sept. 30, 2003.

Robert O. Lampl, John Lacher, Pittsburgh, PA, for plaintiff.

Jessica Lieber Smolar, Pittsburgh, PA, D. Brian Simpson, Esq., Washington, DC, for defendants.

## MEMORANDUM

STANDISH, District Judge.

### I.

In this civil action, plaintiff, Catherine Peters Bartolomeo (Bartolomeo), seeks a redetermination of tax liability and a determination regarding collection actions arising out of a Notice of Federal Tax Lien (NFTL) placed against her by the Internal Revenue Service (IRS) encompassing employment taxes owed for the third quarter of 1995. Defendants, United States of America, Department of the Treasury, Internal Revenue Service and Commissioner of Internal Revenue, filed a motion to dismiss plaintiff's complaint under Fed. R.Civ.P. 12(b)(1) or, in the alternative, for summary judgment pursuant to Fed. R.Civ.P. 56, which the court converted into a motion for summary judgment on November 19, 2002. Both parties have indicated that they have no further materials to submit. Therefore, defendants' motion is ripe to be decided. For the reasons set forth below, defendants' motion will be granted.

### II.

For purposes of the present motion, the following facts are undisputed:

On September 22, 2000, the IRS filed a Notice of Federal Tax Lien (NFTL) in the amount of $61,466.14 against Bartolomeo, which involved employment taxes assessed pursuant to 26 U.S.C. § 6672, known as "Trust Fund" taxes, for the third quarter of 1995.[1] (Pl's Exh. A). On October 3,

---

1. That same day, the IRS filed a second NFTL against Bartolomeo encompassing income taxes owed for the year 1991. That lien has since been abated and plaintiff has withdrawn the portion of her complaint relating to it.

2000, plaintiff requested a collection due process hearing regarding the appropriateness of the NFTL, pursuant to 26 U.S.C. § 6330. (Pl's Exh. B).

On January 8, 2001, Settlement Officer Mark Kennedy (Kennedy) held a collection due process hearing telephonically with plaintiff, who participated in the hearing. (Kennedy Decl. ¶ 7). In his Declaration, Kennedy indicates that during the January 8, 2001 hearing he informed Bartolomeo that 26 U.S.C. § 6330 prohibited her from challenging the tax liability underlying the assessment in a due process hearing. (*Id.* ¶ 14). He further advised Bartolomeo that if she wished to propose a collection alternative, she must submit a financial statement with verification. (*Id.* ¶ 16). Bartolomeo, however, stated that she did not believe she could make installment payments or an offer in compromise, but that she would consult with her attorney. (*Id.* ¶ ¶ 16–17).

On January 31, 2001, the IRS Appeals Office sent a letter to plaintiff scheduling an in-office hearing for February 27, 2001. (*Id.* ¶ 18). Bartolomeo's attorney rescheduled the hearing several times, finally leaving a message the day of the last scheduled hearing, canceling, without rescheduling, the hearing. As of April 30, 2001, neither Bartolomeo nor her counsel had responded to the IRS Appeals Office. (*Id.* ¶ ¶ 20–21). On May 4, 2001, Ronald W. Albert, Appeals Team Manager for the IRS sent a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 to Bartolomeo, stating that the NFTL filing was appropriate with regards to the Trust Fund tax liability. (Pl's Exh. C).

Kennedy reviewed Bartolomeo's administrative file and verified that she had received notice of the proposed § 6672 assessment in November of 1996, and had exercised her right to have her case considered by the IRS Appeals Office. (Ken-nedy Decl. ¶ 15). On January 11, 1999, the Appeals Office issued a letter sustaining the proposed § 6672 assessment in full. (Def's Exh. H).

## III.

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323, 106 S.Ct. 2548. The moving party can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322–324, 106 S.Ct. 2548. Once the moving party has met its burden, Fed.R.Civ.P. 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S.Ct. 2548. After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment "if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."

Fed.R.Civ.P. 56(c). Keeping this standard in mind, the court turns to defendants' motion for summary judgment.

## IV.

Defendants assert that they are entitled to summary judgment because Bartolomeo is improperly attempting to challenge the tax liability underlying the NFTL, which she is precluded from doing by the Internal Revenue Code. Further, defendants assert that they are entitled to judgment as a matter of law because the IRS Appeals Office did not abuse its discretion in this matter.

Bartolomeo responds that the May 4, 2001 Notice of Determination instructed her that if she wanted to dispute the determination that she was to file a complaint in the appropriate District Court within 30 days; that she is a single mother with limited resources and modest income who deserves hardship consideration; and that the imposition of tax liens upon her does not represent a proper balance between collection efficiency for the IRS and intrusiveness to Bartolomeo because the liability imposed against her is uncollectible.[2] Finally, Bartolomeo contends that the placement of a lien against her as an alternative to installment payments or an offer in compromise in light of her collectibility and hardship status constituted an abuse of discretion by the IRS Appeals Office.

## A.

The requirements for a collection due process hearing are set out in 26 U.S.C. § 6330. First, "[t]he appeals officer shall at the hearing obtain verification from the Secretary that the requirements of any applicable law or administrative procedure

have been met." 26 U.S.C. § 6330(c)(1). Thereafter, the taxpayer "may raise ... any relevant issue relating to the unpaid tax ...." 26 U.S.C. § 6330(c)(2)(A). Raising the issue of underlying liability for the tax, however, is precluded under certain circumstances:

> The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.

26 U.S.C. § 6330(c)(2)(B). Finally, the appeals officer must consider "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." 26 U.S.C. § 6330(c)(3)(C).

■ Bartolomeo presses an argument questioning her liability for taxes based upon her hardship status as a single mother and the uncollectibility of the liability imposed upon her. This argument must fail. As an initial matter, the court notes that Bartolomeo has adduced absolutely no evidence in support of these contentions. Moreover, the undisputed facts in this case establish that Bartolomeo received a notice of the proposed tax assessments in November of 1996, and she exercised her right to have her case considered by the IRS Appeals Office. The Appeals Office issued a letter dated January 11, 1999 fully sustaining the proposed § 6672 assessments. (Kennedy Decl. ¶ 15). Bartolomeo did not file any petition in this court seek-

---

**2.** Bartolomeo further asserts that factual disputes remain as to whether she provided all of the financial information requested of her by the Appeals Officer and as to why a rescheduled collection due process hearing did

not occur. However, Bartolomeo has not provided a scintilla of evidence in support of these bald assertions, and has therefore failed entirely to carry her burden at the summary judgment stage.

ing a redetermination of the proposed deficiencies. Consequently, Bartolomeo, as a matter of law, was not entitled to dispute the existence or amount of the underlying tax liabilities in a section 6330 proceeding. Accordingly, Bartolomeo is precluded from contesting the underlying tax liability to this court by the provisions of § 6330(c)(2)(B).

### B.

■■■■ As to the abuse of discretion alleged by Bartolomeo, which is properly before this court, the court reviews any administrative determination regarding the proposed levy action other than one challenging the underlying tax liability for abuse of discretion. Although section 6330(d) does not specify the standard of review a district court should apply to an appeal of a Notice of Determination by the IRS Appeals Office, the legislative history unequivocally indicates that Congress intended the Court to review Appeals Office decisions for abuse of discretion where, as here, the amount of the tax liability was not in dispute at the hearing. H. Conf. Rept. 105–599, at 266 (1998) ("Where the validity of the tax liability is not properly part of the appeal, the taxpayer may challenge the determination of the appeals officers for abuse of discretion."); *see also Goza v. Comm'r of Internal Revenue* [CCH Dec. 53,803], 114 T.C. 176, 179–80, 2000 WL 283864 (2000); *MRCA Info. Servs. v. United States* 145 F.Supp.2d 194, 199 (D.Conn.2000). An abuse of discretion involves "a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact." *Valenti v. Mitchell,* 962 F.2d 288, 299 (3d Cir.1992) (citation omitted).

■■ After a careful review of the record, the court concludes that the Office of Appeals did not abuse its discretion in permitting the collection action to proceed against Bartolomeo. Bartolomeo contends that the placement of a lien against her as an alternative to installment payments or an offer in compromise in light of her collectibility and hardship status constituted an abuse of discretion by the IRS Appeals Office. These allegations do not state a claim. The purpose of the provision for the consideration of collection alternatives described in § § 6330(c)(2)(A) and 6330(c)(3)(C) clearly is intended to allow the taxpayer to propose a method of payment that will satisfy the underlying tax liability instead of satisfaction of a tax lien ˙ by a levy. *Rennie v. I.R.S.,* 216 F.Supp.2d 1078 (E.D.Cal.2002). In other words, only the least intrusive method that still protects the government's interest in efficient tax collection should be approved. Bartolomeo's allegations do not propose an "alternative" to collection by levy but rather seek to avoid liability altogether.

In fact, Bartolomeo has never offered to pay the underlying tax liability nor provided alternatives to the levy. Bartolomeo's failure to present any alternatives to levy, despite numerous opportunities to do so, greatly diminishes the legitimacy of any concern that the proposed levy is more intrusive than necessary. According to defendants, the Appeals Officer had no alternative but to conclude that the imposition of a levy to collect the outstanding penalties from Bartolomeo was the only method by which payment could be obtained.

Defendants have demonstrated that there is no genuine issue as to any material fact regarding the Appeals Officer's compliance with the requirements of 26 U.S.C. § 6330. Thus, defendants are entitled to judgment as a matter of law.