Christopher JACKLING

v.

INTERNAL REVENUE SERVICE

No. CIV. 03–263–JD.

United States District Court, D. New Hampshire.

Nov. 23, 2004.

Christopher Jackling, Honeoye Falls, NY, pro se.

Karen Wozniak, US Dept. of Justice, Washington, DC, for Defendant.

## ORDER

DICLERICO, District Judge.

The Internal Revenue Service moves to affirm its determination to proceed with the collection of trust fund recovery penalties assessed against plaintiff Christopher Jackling pursuant to 26 U.S.C. § 6672(a).

The IRS argues that this court lacks subject matter jurisdiction over Jackling's pro se challenge to the determination because he failed to avail himself of the opportunity to challenge his liability for those penalties and, furthermore, that the IRS did not abuse its discretion in deciding to proceed with their collection. Jackling has not filed a response.[1]

### Background

On June 9, 1994, the IRS sent Jackling a "Proposed Assessment of Trust Fund Recovery Penalty" indicating that it intended to charge him $35,121.70 for the unpaid trust fund taxes of a business called "Brothers & Sisters of Mendon New York, Inc." As explained in the form "Letter 1153" that accompanied the proposed assessment, "trust fund taxes" consist of employment and excise taxes which, if not paid by the business in question, can be assessed as a penalty against "individuals who were required to collect, account for, and pay taxes for the business . . . ." See also 26 U.S.C. § 6672(a). The letter advised Jackling that he had sixty days to appeal or protest the proposed assessment and set forth detailed instructions on how to do so. On October 3, 1994, the IRS proceeded to assess the penalty.

The IRS sent Jackling another "Proposed Assessment of Trust Fund Recovery Penalty" on August 29, 1994, this time stating that it intended to charge him $18,056.52 for the unpaid trust fund taxes of "Brothers & Sisters of Mendon N.Y. Two Inc—Impostors," together with another Letter 1153. The IRS proceeded to

---

1. On August 16, 2004, Jackling wrote to the deputy clerk to provide the court with a new mailing address. In this letter, Jackling also stated that he had been served with the IRS's motion and that, if the court "is going to consider [it], I would like a chance to respond, because there are many inaccuracies in the memorandum . . . ." Jackling did not elaborate further. In the intervening three months, Jackling has not filed anything, either in response to the IRS or to follow up on his letter. Thus, to the extent Jackling's letter could be treated as a motion to extend his time to respond to the IRS's filing, cf. L.R. 7.1(a), the motion is denied. See Eagle Eye Fishing Corp. v. Dep't of Commerce, 20 F.3d 503, 506 (1st Cir.1994).

assess the penalty against Jackling on December 26, 1994, sending him a notice to that effect. The notice stated the amount of the penalty, a prior balance equal to the sum previously assessed against Jackling in connection with the first "Brothers & Sisters" entity, and interest. The notice also explained that Jackling would need to file a suit for a refund if he disagreed, and explained how to do so.

On July 19, 2002, the IRS notified Jackling that it intended to levy against his property to collect the outstanding tax liability. The notice indicated that Jackling could forestall the levy by requesting a collection due process hearing, which he did on August 20, 2002. Jackling's request states that "the penalty was attached to [him] in error and requires clarification .... Secondly, payment has been made on this account whereas the debt should be settled at this time." The hearing officer, Michael G. Blais, later sent Jackling statements of both his account and those of the businesses associated with the trust fund recovery penalty, together with a letter stating that a review of those accounts indicated that Jackling still owed $25,741.67. After some further correspondence between Blais and Jackling's representative, the IRS issued a notice of determination to Jackling on May 6, 2003, indicating that it would proceed with the proposed levy.

An attachment to the notice summarized the issues Jackling had presented at the collection due process hearing and Blais's resolution of those issues. As an initial matter, Jackling had claimed he did not qualify as a person responsible for collecting the trust fund taxes of the Brothers &

Sisters entities so as to become liable for the recovery penalties under 26 U.S.C. § 6672. Blais found, however, that Jackling had failed to come forward with any information that would tend to undermine the IRS's contrary conclusion.[2]

Jackling had also argued that "the proposed collection action is not warranted due to the disputed amount due and the taxpayers [*sic*] limited economic circumstances," but failed to submit any "specific collection proposal" as an alternative. Relatedly, Jackling's representative requested a month to come up with a compromise offer, but Blais denied the request because Jackling already "had sufficient time to address the liability and collectibility issues and the additional delay will serve only to impede the efficient collection of the taxes." Blais therefore concluded that "[t]he determination to proceed with collection action balances a need for the efficient collection of taxes with the taxpayers [*sic*] legitimate concerns of intrusiveness ...."

Jackling subsequently filed a pro se complaint in this court challenging the May 6, 2003, notice of determination. The complaint charges that the attachment to the notice contains "misleading and false" claims. Specifically, Jackling reiterates that he was not responsible for the Brothers & Sisters entities. He also claims that he cannot pay the liability without liquidating his entire retirement fund and that he should therefore be allowed to compromise his debt for $3,000.

### Discussion

A district court has jurisdiction over an appeal of an IRS determination regarding

---

**2.** Blais also discussed Jackling's contention that the trust fund liabilities had been satisfied by a payment submitted to the IRS on behalf of a company related to Brothers & Sisters of Mendon New York, Inc. Blais concluded, however, that the IRS had properly applied the disputed part of that payment to the non-trust fund liabilities of the Brothers & Sisters entity, leaving unpaid trust fund taxes for which Jackling was responsible. Jackling does not challenge that conclusion here.

collection action only if the Tax Court "does not have jurisdiction of the underlying tax liability." 26 U.S.C. § 6330(d)(1); *see also Marino v. Brown,* 357 F.3d 143, 145–46 & n. 5 (1st Cir.2004); *Voelker v. Nolen,* 365 F.3d 580, 581 (7th Cir.2004). Because the Tax Court lacks jurisdiction over trust fund recovery penalties, 26 U.S.C. § 6672(c)(2), this court has jurisdiction over Jackling's appeal. *See, e.g., Borges v. United States,* 317 F.Supp.2d 1276, 1281 (D.N.M.2004); *Abu–Awad v. United States,* 294 F.Supp.2d 879, 886–87 (S.D.Tex.2003); *Moore v. Commissioner,* 114 T.C. 171, 175, 2000 WL 283865 (2000).

■ In reviewing a determination of collection action, however, a court considers only issues properly raised at the collection due process hearing. 26 C.F.R. § 301.6330–1(f)(2)A–F5; *Jewett v. Commissioner,* 292 F.Supp.2d 962, 966 (N.D.Ohio 2003); *Loofbourrow v. Commissioner,* 208 F.Supp.2d 698, 706 (S.D.Tex. 2002). Challenges to the "existence or amount of the underlying tax liability" can be raised at the collection due process hearing only "if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." 26 U.S.C. § 6330(c)(2)(B); 26 C.F.R. § 301.6330–1(e)(1) & A–E2. Accordingly, "[w]here a taxpayer receives notice of a tax liability and has been afforded an opportunity to dispute such tax liability at the administrative level, he may not subsequently raise a judicial challenge to the underlying liability pursuant to 26 U.S.C. § 6330(d)(1)." *Abu–Awad,* 294 F.Supp.2d at 888 (citing cases); *see also Konkel v. Commissioner,* 2000 WL 1819417, at *3 (M.D.Fla. Nov.6, 2000).

The IRS argues that Jackling is not entitled to judicial review of his liability for the trust fund recovery penalties because he received notice of their proposed assessment in the form of the Letters 1153 of June 9 and August 29, 1994, but did not avail himself of the opportunity to dispute the liability as explained in the letters. In *Pelliccio v. United States,* 253 F.Supp.2d 258 (D.Conn.2003), the court reached the same conclusion on nearly identical facts. There, the plaintiff received a number of Letters 1153 notifying him of trust fund recovery penalty assessments, but "did not avail himself of his right to appeal or to a hearing." *Id.* at 261. After receiving a notice of intent to levy, however, the plaintiff requested a collection due process hearing at which he claimed that he was not the person responsible for the trust fund taxes. *Id.* at 259. The hearing officer concluded that he could not consider this issue due to the plaintiff's failure to raise it in response to the Letters 1153, but nevertheless addressed the argument, finding it to lack merit and proceeding to issue a notice of determination. *Id.* at 260. On appeal from that decision, the district court ruled that it lacked jurisdiction to consider the plaintiff's liability. *Id.* at 262.

■ Jackling has put himself in the same situation as the plaintiff in *Pelliccio.* Despite receiving a Letter 1153 notifying him of a proposed assessment of trust fund recovery penalty in connection with each of the Brothers & Sisters entities, Jackling failed to challenge those assessments. He therefore forfeited his right to dispute the liabilities at the collection due process hearing or, subsequently, in this court. *See Pelliccio,* 253 F.Supp.2d at 262; *Konkel,* 2000 WL 1819417, at *3. The fact that Blais nevertheless considered Jackling's challenges to the legitimacy and the amount of the liability as part of the due process hearing does not change this outcome. 26 C.F.R. § 301.6330–1(e)A–E11; *Pelliccio,* 253 F.Supp.2d at 262; *Behling v. Commissioner,* 118 T.C. 572, 577–79, 2002 WL 1315806 (2002). Accordingly, the court cannot consider Jackling's appeal in-

sofar as it challenges his trust fund liability for the Brothers & Sisters entities.

█ Jackling also claims that the IRS should allow him to compromise his tax liability for $3,000. To the extent this claim is intended to challenge Blais's decision, the court reviews that determination for abuse of discretion, because the legitimacy of the underlying tax liability is not at issue here. *See, e.g., Jones v. Commissioner,* 338 F.3d 463, 466 (5th Cir.2003); *Abu–Awad,* 294 F.Supp.2d at 887 (citing cases). In making a determination following a collection due process hearing, the officer must consider (a) the IRS secretary's verification "that the requirements of any applicable law or administrative procedure have been met," 26 U.S.C. § 6330(c)(1), (b) the issues properly raised by the taxpayer, and (c) "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." *Id.* § 6330(c)(3); 26 C.F.R. § 301.6330–1(e) & A–E1.

A review of the attachment to the May 6, 2003, determination demonstrates that Blais followed this statutory mandate. As required by section 6330(c)(1), he verified that applicable law and administrative procedures had been followed. *See Jones,* 338 F.3d at 466–67 (holding that hearing officer may act as secretary's delegate in making section 6330(c)(1) verification). Blais also considered all of the issues raised by Jackling and his representative, in accordance with section 6330(c)(3)(B). Finally, Blais concluded that "[t]he determination to proceed with collection action balances the need for the efficient collection of the taxes with the taxpayers [sic] legitimate concerns of intrusiveness because the balance remains due and owing and a specific collection proposal has not been submitted." *Id.* § 6330(c)(3)(C).

█ Even when liberally construed, Jackling's appeal to this court properly challenges only the last of these conclusions. Jackling does not claim to have proposed any collection action less intrusive than a levy as part of the due process hearing, however, and does not do so here. This omission is fatal to his appeal. *See Pelliccio,* 253 F.Supp.2d at 262; *Rennie v. Internal Revenue Serv.,* 216 F.Supp.2d 1078, 1084 (E.D.Cal.2002). Jackling asserts that the IRS should accept his offer to compromise his $25,741.67 in outstanding taxes for the sum of $3,000,[3] but he failed to make this offer at the hearing itself. Blais could not have abused his discretion in rejecting an offer he never received. *Cf. Cavanaugh v. United States,* 2004 WL 880442, at *5 (D.N.J. Mar.23, 2004). Moreover, Jackling states in his complaint that his "retirement fund" contains sufficient assets to satisfy the liability at issue here, so there appears to be no basis whatsoever for the IRS to agree to compromise its claim. *See Bartolomeo v. United States,* 292 F.Supp.2d 728, 732 (W.D.Pa.2003). Accordingly, the court rules that Blais did not abuse his discretion in determining that the proposed levy met the requirements of section 6330(c)(3)(C).

### Conclusion

For the foregoing reasons, the IRS's motion to affirm its determination regard-

---

**3.** Jackling also states that he "should also have the right to submit an offer in compromise and have it processed in a timely manner (not 6 years)." This accusation is not supported by the record, which shows that the IRS took just over three months to respond to Jackling's prior offer of compromise, made April 25, 2000. In any event, Jackling has already appealed the rejection of that offer, which was affirmed, so he could not have raised that issue at the collection due process hearing and, therefore, cannot raise it here. 26 U.S.C. § 6330(c)(4)(A).

ing collection action against Jackling (document no. 15) is GRANTED. The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.