**William Negron RAMOS, Plaintiff,**

v.

**INTERNAL REVENUE SERVICE, Defendant.**

**No. 1:04–CV–540(LEK/RFT).**

United States District Court,
N.D. New York.

Dec. 28, 2004.

William Negron Ramos, Kingston, NY, pro se.

Karen Wozniak, U.S. Department of Justice, Washington, DC, for Defendant.

**MEMORANDUM–DECISION**

8

KAHN, District Judge.

## I. Background

Plaintiff William Negron Ramos ("Negron") filed this action to dispute Defendant Internal Revenue Service's ("IRS") April 14, 2004 determination ("determination") with respect to his tax liability. Negron seeks to have the Court overturn this determination of the IRS Appeals Office and order in its place Negron's Offer in Compromise ("OIC"). Negron requests damages in the amount of $2,500 for a business investment that he made in reliance on representations made to him by an IRS agent regarding the amount of time it would take the IRS Appeals Office to issue a determination of his tax liability. He also requests that his suspension from the electronic tax filing program based upon his outstanding tax liability be limited to the current tax year only. Currently before the Court are the IRS' motion to affirm its determination concerning collection action and motion to dismiss Negron's claims for damages and alteration of his suspension from the electronic filing program.

## II. Facts

The IRS assessed a trust fund recovery penalty against Negron for the tax period ending September 30, 1995 for failure to pay income and Federal Insurance Contribution Act (FICA) taxes owed by a failed business for which he was a principal. Complaint (Dkt. No. 1) at 3; IRS Motion (Dkt. No. 7) at 2. The original debt was approximately $13,000. Complaint (Dkt. No. 1) at 3. On April 17, 2003, the IRS sent him a Final Notice of Intent to Levy and Notice of Your Right to a Hearing letter. Final Notice (Dkt. No. 7, Ex. B) at 1; Complaint (Dkt. No. 1) at 7. According to this letter, Negron owed $23,121.38, which included the assessment of $12,899.73 plus statutory additions of $10,221.65. Final Notice (Dkt. No. 7, Ex. B) at 2. Negron timely requested a Collection Due Process ("CDP") hearing, seeking a reconsideration of his last OIC because he had been unemployed for six months. Request (Dkt. No. 7, Ex. C) at 1; Complaint (Dkt. No. 1) at 4. The CDP hearing was held on September 9, 2003. Complaint (Dkt. No. 1) at 3. Negron claims that at the close of this hearing, the IRS agent said, "I will evaluate your new offer, I will at least like to recover the original debt, but I would not be able to get back to you probable [*sic*] until next month." *Id.*

Negron has been unemployed since November 2002, and his employment benefits ceased in October 2003. *Id.* After the termination of his unemployment benefits, he started a business providing accounting services, including tax preparation. *Id.* At the end of October, Negron called the IRS about the status of his case, and was told by an IRS agent that "I am in the middle of finishing another case, your case is next." *Id.*

Negron was previously authorized to participate in the IRS' electronic tax filing program, but had to be readmitted into the program. *Id.* He borrowed and invested approximately $2,500 and began the process for readmission. *Id.* On February 2, 2004, Negron was denied authorization to participate in the program because, although he was trying to rectify the issue, he still had a balance due to the IRS. Program Denial Letter (Dkt. No. 1) at 10. Negron wrote a letter to appeal that denial, explaining that his case was still being decided by the IRS Appeals Office. Program Appeal (Dkt. No. 1) at 12. On February 17, 2004, his appeal of the February

---

1. For printed publication in the Federal Reporter.

2 decision was denied because, regardless of his situation, his civil penalty issue remained unresolved and his balance was still unpaid. Program Appeal Denial (Dkt. No. 1) at 13. He was suspended from participation in the program until January 1, 2006. *Id.* This denial stated that Negron had a right to appeal that decision. *Id.* Negron contends that between February 1 and April 15, 2004, he had 123 inquiries regarding tax preparation services, but he was only able to prepare seven tax returns because the other 116 people wanted electronic filing. Complaint (Dkt. No. 1) at 3.

On April 14, 2004, the IRS Appeals Office issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, which stated that the collection action proposed by the IRS could resume and that the OIC submitted by Negron was denied. Determination (Dkt. No. 1) at 7–8. Negron timely commenced this proceeding on May 13, 2004, seeking judicial review of this determination. Complaint (Dkt. No. 1). Negron also seeks $2,500 in damages for his business investment and for a reduction in his suspension from the electronic tax filing program. *Id.* at 4.

### III. Discussion

#### A. Motion to Affirm IRS Determination

This Court has jurisdiction to review an IRS determination pursuant to 26 U.S.C. § 6330(d)(1)(B), which states in pertinent part that a "person may, within 30 days of a determination under this section, appeal such determination ... (B) to a district court of the United States" when, as in this case, the Tax Court does not have jurisdiction. 26 U.S.C. § 6330(d)(1)(B); *see Pelliccio v. United States,* 253 F.Supp.2d 258, 262 (D.Conn. 2003); *see also Anderson v. Comm'r of*

*Internal Revenue,* 80 T.C.M.(CCH) 461 (2000) (Because the Tax Court's jurisdiction is generally limited to income, estate, gift, and certain excise taxes, it does not have jurisdiction to review an employment tax liability determination under § 6330.). When the underlying tax liability is not at issue, as is true in this case, the court reviews the determination for abuse of discretion. *Pelliccio,* 253 F.Supp.2d at 262. For judicial review of administrative appeals, a decision "would be an abuse of discretion if it were made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis, or ... on other considerations that Congress could not have intended to make relevant." *MRCA Info. Servs. v. United States,* 145 F.Supp.2d 194, 199 (D.Conn.2000) (citing *Wong Wing Hang v. I.N.S.,* 360 F.2d 715, 719 (2d Cir.1966)) (internal quotations omitted).

Pursuant to § 6330(c)(3), in making a determination, the IRS officer must take into consideration (1) the verification that "the requirements of any applicable law or administrative procedure have been met"; (2) the issues raised by the taxpayer, which may include spousal defenses, challenges to the appropriateness of collection actions, and offers of collection alternatives; and (3) "whether any proposed collection action balances the need for efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." 26 U.S.C. § 6330(c).

The IRS officer considered each of the three criteria prior to issuing the determination. The Summary and Recommendation included with the Notice of Determination explains how the requirements of applicable laws and administrative procedures were met and how the levy balanced the need for efficient collection with taxpayer concern that the collection action

be no more intrusive than necessary. Determination (Dkt. No. 1) at 7–8. Negron did not raise anything relating to these issues at the hearing, nor does he challenge these conclusions in his complaint.

At the hearing, Negron did propose an OIC to reduce his overall liability to $8,000, the acceptance of which he also requests in his complaint. *Id.;* Complaint (Dkt. No. 1) at 3–4. The IRS has the authority to compromise any civil liability pursuant to 26 U.S.C. § 7122(a). Regulations promulgated under that section give broad discretion to the IRS to determine whether an OIC will be accepted. 26 C.F.R. § 301.7122–1(a)(1). There are three grounds that make an OIC eligible for acceptance, namely (1) doubt as to liability; (2) doubt as to collectibility; and (3) promotion of effective tax administration ("ETA") when collection of the tax liability would cause the taxpayer economic hardship. 26 C.F.R. § 301.7122–1(b)(1)–(3)(i).

The IRS officer determined that Negron did not question the liability, and that he had the income and/or assets available to pay it in full. Determination (Dkt. No. 1) at 7–8. Further, the officer found that collection of the full liability would not cause economic hardship. *Id.* The IRS officer analyzed Negron's current financial circumstances, as well as his ability to obtain employment based upon his education, experience, and overall good health. *Id.* He concluded that his unemployment did not appear to be permanent, and that it would not be an economic hardship considering that his spouse was employed, his at-home adult children assist him financially, and he can meet his basic living expenses. *Id.* Further, the IRS officer noted that he had or had access to assets sufficient to pay the entire liability. *Id.*

If none of the three grounds listed above are applicable, the IRS may compromise to promote ETA where "compelling public policy or equity considerations identified by the taxpayer provide a sufficient basis for compromising the liability." 26 C.F.R. § 301.7122–1(b)(3)(ii). For this to apply, there must exist exceptional circumstances which would cause public confidence in the fair administration of the tax laws to be undermined. *Id.* The taxpayer has the burden of demonstrating such circumstances. *Id.* The IRS found that no exceptional circumstances existed, and Negron did not allege any in his complaint. Determination (Dkt. No. 1) at 8.

In its determination, the IRS fully addressed all of the factors contained in the regulations for the acceptance of an OIC. There are no allegations by Negron that the IRS officer failed to consider any information, or that any of the factual findings were incorrect. Therefore, the Court finds no basis to conclude that the IRS abused its discretion, and the motion to affirm is granted. *See, e.g., Pelliccio,* 253 F.Supp.2d at 262. Accordingly, Negron's request that his liability be reduced to $8,000 is denied.

### B. Motion to Dismiss

#### 1. Standards

A motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure must be denied " 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Cohen v. Koenig,* 25 F.3d 1168, 1172 (2d Cir.1994) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). In assessing the sufficiency of a pleading, the Court must "assume all well-pleaded factual allegations to be true, and . . . view all reasonable inferences that can be drawn from such allega-

tions in the light most favorable to the plaintiff." *Dangler v. New York City Off Track Betting Corp.*, 193 F.3d 130, 138 (2d Cir.1999). Consideration is limited to the complaint, written instruments that are attached to the complaint as exhibits, statements or documents that are incorporated in the complaint by reference, and documents on which the complaint heavily relies. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir.2002) (citations omitted).

■■■ A motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), however, has a different standard. The Court "need not accept as true contested jurisdictional allegations." *Shenandoah v. Halbritter*, 275 F.Supp.2d 279, 284 (N.D.N.Y.2003) (Mordue, J.) (citations omitted). A court "may resolve disputed jurisdictional facts by referring to evidence outside the pleadings." *Id.* (citing *Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir.2000)); *Filetech S.A. v. France Telecomm. S.A.*, 157 F.3d 922, 932 (2d Cir. 1998). The burden is on the plaintiff to show that a court has subject matter jurisdiction. *Lunney v. United States*, 319 F.3d 550, 554 (2d Cir.2003); *Shenandoah*, 275 F.Supp.2d at 285. If at any time it comes to the court's attention, by the parties or otherwise, that subject matter jurisdiction is lacking, the action must be dismissed. Fed.R.Civ.P. 12(h)(3).

### 2. Damages

■■■ Negron requests damages from the IRS in the amount of $2,500 for his business investment, claiming that he spent this amount in reliance upon an IRS officer's representation that he would receive a determination based upon the September 9, 2003 CDP hearing in October 2003. Complaint (Dkt. No. 1) at 3. He also claims that the denial of authorization to participate in the electronic tax filing program resulted from the outstanding case. *Id.* The IRS contends that the Court does not have jurisdiction to hear this claim. IRS Memo. (Dkt. No. 7) at 9.

■ The IRS, as part of the United States government, is immune from suit, "except where [C]ongress, by specific statute, has waived sovereign immunity." *Liffiton v. Keuker*, 850 F.2d 73, 77 (2d Cir. 1988). If Congress has not waived sovereign immunity for this type of claim, the Court does not have subject matter jurisdiction. *Chayoon v. Chao*, 355 F.3d 141, 142–43 (2d Cir.2004). Negron does not present any basis upon which to invoke this Court's jurisdiction in his complaint,[2] and a review of the possible bases for subject matter jurisdiction demonstrates that this Court does not have jurisdiction to hear this claim.

There are few provisions that allow suit to be brought in a district court for money damages against the IRS. Section 6330, which is the basis for this Court's review of the IRS determination, does not authorize the Court to provide such relief for Negron in this case. Review under § 6330(d) is limited to issues raised in the CDP hearing. *Pelliccio*, 253 F.Supp.2d at 261. As Negron's claim is for money invested after the hearing based upon the length of time it took for a post-hearing determination to be issued, this issue could not have been brought up at the hearing. Therefore, this relief cannot be awarded under § 6330.

Further, this Court cannot award money damages under the Administrative Procedure Act ("APA"), 5 U.S.C. § 702. Congress waived sovereign immunity under the APA for a "legal wrong because of

---

**2.** Negron did not file a response to the IRS' motions to affirm and to dismiss.

agency action" only when seeking relief other than money damages. 5 U.S.C. § 702; *see, e.g., Presidential Gardens Assocs. v. United States,* 175 F.3d 132, 143 (2d Cir.1999). Because Negron is seeking monetary damages as compensation, it cannot be allowed under the APA. Additionally, the Federal Torts Claims Act retains sovereign immunity for "[a]ny claim arising in respect of the assessment or collection of any tax." 28 U.S.C. § 2680(c).

The exclusive provision for recovering monetary damages in connection with any collection of a federal tax is 26 U.S.C. § 7433(a):

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

26 U.S.C. § 7433(a).[3] However, Negron fails to state a claim under § 7433 because he does not allege that any officer violated any provision of the Internal Revenue Code or any regulation promulgated thereunder. *CPS Elec. Ltd. v. United States,* 200 F.Supp.2d 120, 128–29 (N.D.N.Y.2002) (Scullin, C.J.). The only allegation that Negron makes respecting his investment of $2,500 for which he seeks compensation is the amount of time that it took for the IRS to issue a determination as to his liability, and that it took longer than an IRS officer estimated. Complaint (Dkt. No. 1) at 3. However, this Court is not

aware of any statute or regulation that requires a determination to be issued within a certain time period, and Negron has not pointed to any. Furthermore, this section only applies to the collection of a tax, not a determination of a tax, which is what is at issue in this case. *See Arnett v. United States,* 889 F.Supp. 1424, 1430 (D.Kan.1995) ("Congress was undoubtedly aware of the distinction between the 'determination' of a tax and the 'collection' of a tax, and that distinction is clearly evidenced by the language of the statute"). Therefore, § 7433 does not provide Negron with an avenue of relief.

### 3. Suspension from Electronic Filing Program

 Negron also asks this Court to alter his suspension from the electronic tax filing program to limit it to the current tax year only. Complaint (Dkt. No. 1) at 4. The Court's authority to review the decision to exclude Negron from the program would have to come from § 704 of the APA. *See, e.g., Brenner Income Tax Ctrs. Inc. v. Dir. of Practice of the IRS,* 87 F.Supp.2d 252, 257 (S.D.N.Y.2000). Although Negron does not phrase his complaint in APA terms, he is proceeding *pro se,* and this Court will read his complaint liberally. *See, e.g., Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Gill v. Pidlypchak,* 389 F.3d 379, 385 (2d Cir.2004). For an agency decision to be reviewed under the APA, it must be a "final agency action." 5 U.S.C. § 704. "A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action." *Id.*

 The IRS contends that Negron is not the subject of a final agency decision, and thus, this Court does not have

---

**3.** Section 7432, regarding the failure to re- lease a lien, does not apply to this action.

the authority to review the decision under the APA. IRS Memo. (Dkt. No. 7) at 10. Negron alleges that his appeal of the IRS' initial decision to suspend him was denied and that he has been suspended from the program. Complaint (Dkt. No. 1) at 3. In this letter denying his first appeal, he was informed of his right to a second appeal. Appeal Denial (Dkt. No. 1) at 13. Negron did not appeal again, and therefore, as of March 2004, the sanction should have been imposed. *Id.* However, the failure to take advantage of the opportunity to appeal does not necessarily deprive this Court of jurisdiction. Under the APA, "if Congress has not enacted an explicit exhaustion requirement, courts may not exercise their judicial discretion to impose one." *Bastek v. Fed. Crop Ins. Corp.*, 145 F.3d 90, 94 (2d Cir.1998) (quoting *Darby v. Cisneros*, 509 U.S. 137, 153–54, 113 S.Ct. 2539, 125 L.Ed.2d 113 (1993)). The Court is not aware of any provision that requires Negron to exhaust all of his administrative remedies before filing suit in district court. It appears that Negron has been subjected to a final agency action, considering that he has no further recourse with the IRS and his suspension should be in effect as of March 2004. Appeal Denial (Dkt. No. 1) at 13. Therefore, the Court will not dismiss this action for a lack of final agency action.

■ The IRS also contends that Negron fails to state a claim under the APA. IRS Memo. (Dkt.No.7) at 11. In relevant part, the APA states that agency action, findings, and conclusions can only be set aside when they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(a). "An agency rule may be deemed arbitrary, capricious, or an abuse of discretion 'if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.'" *Henley v. Food & Drug Admin.*, 77 F.3d 616, 620 (2d Cir.1996) (quoting *Motor Vehicle Mfrs. Assoc. of the United States, Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43, 103 S.Ct. 2856, 77 L.Ed.2d 443 (1983)).

The IRS has the authority to develop guidelines and procedures for participation in the electronic tax filing program. Rev. Proc.2000–31. Authorized electronic filers must adhere to all revenue procedures and publications related to the program, and sanctions for violations include suspension. *Id.* at § 4.04, 7.02. The IRS may suspend an electronic filer for, *inter alia*, failure to pay any tax liability or assessment of penalties. IRS, Pub. No. 3112, IRS e-file Application and Participation, 15, 25 (2004). This rule is rationally related "to the IRS' mission of assuring taxpayers that paid preparers understand and will abide by all relevant rules." *Brenner*, 87 F.Supp.2d at 257.

In this case, the IRS suspended Negron from the program because he had a balance due based upon the assessment that is the subject of the instant action. Program Denial Letter (Dkt. No. 1) at 10. On appeal, the IRS considered the issues he raised, but as he still had a balance due, his request for authorization was denied. Appeal Denial (Dkt. No. 1) at 13. Negron does not dispute that he owed money to the IRS or that penalties were assessed against him. Complaint (Dkt. No. 1) at 3. He does not assert any wrongdoing on the part of the IRS officials that made the determination to suspend him from the program. *Id.* Negron offers no reason for this Court to award him this relief under the APA, other than his desire to make money by preparing and electronically fil-

ing tax returns and his understandable frustration with the length of time it took the IRS Appeals Office to make a determination. *Id.* As Negron does not allege any wrongful action on the part of the IRS specifically respecting the decision to suspend him from the electronic tax filing program, the IRS' motion to dismiss is granted.

## IV. Conclusion

Based on the foregoing discussion, it is hereby

ORDERED, that the IRS' motion to affirm is GRANTED; and it is further

ORDERED, that the IRS' motion to dismiss Negron's claim for $2,500 in damages is GRANTED; and it is further

ORDERED, that the IRS' motion to dismiss Negron's claim for an alteration to his suspension from the electronic tax filing program is GRANTED; and it is further

ORDERED, that Negron's complaint is DISMISSED in its entirety; and it is further

ORDERED, that the Clerk serve a copy of this order on all parties.