**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 04-1821

NICOLAS NOGUERAS-CARTAGENA,

Plaintiff, Appellant,

v.

UNITED STATES, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. José Antonio Fusté, U.S. District Judge]

Before

Boudin, Chief Judge,
Lipez and Howard, Circuit Judges.

Lixandra Osorio Felix on brief for appellant.
    Peter D. Keisler, Assistant Attorney General, Phyllis J.
Pyles, Director, Torts Branch, and Matthew L. Zabel, Deputy
Associate Attorney General, United States Department of Justice.

March 22, 2005

**Per Curiam**.    Appellant, Nicolas Nogueras-Cartagena, filed two lawsuits based largely on the same nexus of fact: an earlier suit, the dismissal of which we affirmed in Nogueras-Cartagena v. United States Dept. of Justice, 75 Fed. Appx. 795, 798 (1st Cir. 2003) (per curiam) (Nogueras-Cartegena I), and a later suit, the dismissal of which is now before us on appeal.  The differences between this and the earlier case are few.

In the earlier case, appellant sought money damages pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) & 2671-80, and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), from the United States and several individuals, including a United States Attorney, a Federal Bureau of Investigation agent, an Internal Revenue Service agent, and two Assistant United States Attorneys.  Here, appellant again seeks money damages from the United States and various individuals pursuant to the FTCA and Bivens[1], but he has also filed claims pursuant to 26 U.S.C. § 7433 for improper tax collection. Moreover, the individual defendants have, for the most part, changed; as they now are five IRS employees, only one of whom was named in the prior civil action.[2]

---

[1]We note that appellant has not adequately raised any argument on appeal with respect to the dismissal of his Bivens claims, and we therefore do not further consider the Bivens claims.

[2]Jose E. Gonzalez was named in the earlier case.

-2-

BACKGROUND

The following is a brief summary of appellant's allegations, which must be accepted as true for the purposes of this appeal. TAG/ICIB Servs., Inc. v. Pan Am Grain Co., Inc., 215 F.3d 172, 175 (1st Cir. 2000).

The earlier case arose in the wake of the failed prosecution of appellant, then a prominent politician in Puerto Rico, on charges relating to tax fraud and violations of the Ethics in Government Act. After the government had given up on the prosecution, the IRS allegedly negligently and maliciously persisted in attempting to collect taxes from appellant. Appellant bases the instant lawsuit upon both the failed prosecution and the tax collection. On January 4, 2000, appellant filed an administrative claim with the IRS. Less than six months later, on June 21, 2000, he filed a complaint in the United States District Court for the District of Puerto Rico, thereby commencing the earlier federal court case.

On October 30, 2000, the IRS denied the administrative claim.

After filing the earlier federal court case, but prior to its dismissal, appellant commenced the instant federal court case by filing a separate complaint in the district court on February 8, 2002. The following week, he filed motions in both cases to consolidate the instant case with the earlier one. The district

court judge assigned to the earlier case (Dominguez, J.), denied the motion. The earlier case would be dismissed with prejudice later that year.

On April 25, 2002, the United States moved to dismiss the instant case for lack of jurisdiction and for failure to state a claim, and it moved to substitute itself as a party for the individual defendants. On June 20, 2002, the district court granted the motion to substitute and terminated the individuals as parties. On July 7, 2002, appellant filed an opposition to the motion to dismiss. On April 10, 2003, the United States replied to the opposition. On March 31, 2004, the district court dismissed the case. Thereafter, appellant filed a timely notice of appeal.

DISCUSSION

The issues here are purely legal, so we review them de novo. <u>Gonzalez</u> v. <u>United States</u>, 284 F.3d 281, 287 (1st Cir. 2002).

As in <u>Nogueras-Cartegena I</u>, "[w]e have carefully perused the record and find no reason to disturb the district court's rulings" and affirm substantially on the basis of the district court's opinion--<u>Nogueras-Cartagena</u> v. <u>United States</u>, 321 F. Supp. 2d 265 (D.P.R. Mar. 31, 2004)--adding only a few brief comments. 75 Fed. Appx. at 797.

A.   The FTCA Claims

First, we conclude the district court correctly dismissed the FTCA claims, but we add the following to respond to two alternative arguments the district court did not address. Nogueras-Cartagena, 321 F. Supp. 2d 270-71.

First, appellant argues, as he did below, that we should consider the filing of his earlier federal court case, rather than the filing of this federal court case, as the basis for satisfying the procedural requirement that a tort claim against the United States shall be forever barred unless a suit is filed in federal court[3] "within six months after the date of mailing . . . of notice of final denial of the claim by the agency to which it was presented."  28 U.S.C. § 2401(b) (2000); Gonzalez-Bernal v. United States, 907 F.2d 246, 248 (1st Cir. 1990).  To be sure, the district court correctly concluded that the instant federal court case was begun well after section 2401(b)'s six-month deadline; as the administrative claim was denied on October 30, 2000, and the federal court case was filed on February 8, 2002.  Nogueras-Cartagena, 321 F. Supp. 2d at 270-71.  Appellant argues in the alternative, however, that the instant federal court case should relate back to the filing of his earlier federal court case on June 21, 2000, which he contends would satisfy section 2401(b).  As

---

[3]As a shorthand for the suit filed in the federal court, we are here using the term "federal court case."

appellant's reliance on this earlier filing is misplaced, we need not decide whether, generally speaking, an entirely different federal court case could satisfy the requirements of section 2401(b).

We held in Nogueras-Cartagena I that the filing of this earlier federal court case, itself, ran afoul of statutory requirements. 75 Fed. Appx. at 797. In addition to section 2401(b), tort claims against the government are subject to 28 U.S.C. § 2675(a), which provides that one must either await final denial of a claim by an administrative agency or must wait for six months after the filing of the administrative claim before instituting a tort claim against the United States by filing a federal court case. We concluded that appellant failed to meet the requirements of section 2675(a) because he filed his federal court case approximately five months and two weeks after he filed the administrative claim but before final denial of the administrative claim by the IRS. Nogueras-Cartagena I, 75 Fed. Appx. at 797.

This prior holding illustrates appellant is pressing a non sequitur, as he attempts to render the current filing proper by having it stand in the shoes of an earlier improper filing. That is, even if his reliance upon the filing of the earlier federal court case would survive section 2401(b), it would run afoul of section 2675(a). Accordingly, the argument does not advance his cause, and we reject it.

Second, we address appellant's argument that he did not receive "final denial" of his administrative claim pursuant to section 2675(a) until the IRS issued a "final determination of the administrative claim" on January 9, 2002. Accordingly, he argues, January 9, 2002 should serve as the date upon which to begin the six-month limitations period, and therefore the filing of his complaint on February 8, 2002 would have been timely. As appellant failed to raise this argument below, it is forfeited. Teamsters, Chauffeurs, Warehousemen and Helpers Union, Local No. 59 v. Superline Transp. Co., 953 F.2d 17, 21 (1st Cir. 1992) ("If any principle is settled in this circuit, it is that, absent the most extraordinary circumstances, legal theories not raised squarely in the lower court cannot be broached for the first time on appeal.").

Even had he preserved the argument for appeal, it would not have been successful. The so-called "final determination" (actually entitled "Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330") does not have anything to do with appellant's administrative claim, which appellant used to commence the earlier lawsuit for alleged torts committed by the federal government and its agents in connection with the failed criminal prosecution of appellant. Rather, the notice indicates merely that the IRS had reached a determination concerning whether the lien and levy on appellant was appropriate for the efficient

-7-

collection of taxes.  Thus, it cannot be considered "final denial" of his administrative claim pursuant to section 2675(a).

B.    The Section 7433 Claims

Second, we conclude the district court properly dismissed the section 7433 claims for wrongful tax collection.  Nogueras-Cartagena, 321 F. Supp. 2d at 271-72.  The district court apparently concluded that appellant's wrongful tax collection suit was more appropriately a suit for wrongful tax assessment and therefore evaluated whether appellant met the filing guidelines for wrongful tax assessment claims.  Id.  The court concluded that since appellant failed to fulfill the jurisdictional requirements for wrongful assessment claims (which require the filing of a refund and the payment of the assessment before bringing suit), his claim should be dismissed for lack of jurisdiction.  See 26 U.S.C. §§ 7422(a) & (g)(1)(A).  Appellant maintains, however, that his suit is for wrongful collection.  We write here only to dispel any contention that the result would be any different had his claims been accepted as claims for wrongful tax collection.

Much like FTCA claims, section 7433 claims may only be brought after exhaustion of administrative remedies.  The exhaustion requirements under section 7433 are governed by 26 C.F.R. § 301.7433-1.  Among these requirements are that claimants mark their claims with attention to particular individuals and identify the grounds for relief, the injuries incurred, and the

dollar value of each claim. 26 C.F.R. § 301.7433-1(e). There is no indication that appellant has complied with these filing guidelines. There is no copy of the administrative claim in the record[4], and appellant fails in his brief to discuss these requirements at all. Indeed, the district court stated that it is "undisputed" that appellant has not met the prerequisites of section 7433. Accordingly, he has not established jurisdiction, and the complaint was properly dismissed. Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995) (stating, "the party invoking the jurisdiction of a federal court[,] carries the burden of proving its existence"); Nogueras-Cartagena I, 75 Fed. Appx. at 798 (failure to exhaust administrative remedies is a jurisdictional defect).

**Affirmed**.

---

[4]We note that we were able to retrieve a copy of the administrative claim from the record of Nogueras-Cartagena I. Having reviewed it, we conclude it concerns only the alleged torts committed in connection with the government's failed prosecution of appellant and therefore does not support the wrongful tax collection claims.