Israel **MERCADO AROCHO,** Plaintiff,

v.

**UNITED STATES of America,** Defendant.

**Civil No. 05–1204 (DRD).**

United States District Court, D. Puerto Rico.

Sept. 15, 2006.

Amarilys Arocho–Maldonado, Arocho Maldonado Law Office, Utuado, PR, for Plaintiff.

Agnes I. Cordero, United States Attorney's Office, San Juan, PR, Jennifer L. Vozne, U.S. Department of Justice, Tax Division Ben Franklin Station, Washington, DC, for Defendant.

## OPINION AND ORDER

DOMINGUEZ, District Judge.

Pending before the Court is the *United States' Motion To Dismiss* filed by the defendant on September 14, 2005 (Docket No. 6); *Plaintiff's Opposition To Motion To Dismiss* (Docket No. 7), and the *United States' Reply In Support Of Its Motion To Dismiss* (Docket No. 8). For the reasons set forth below, the defendant's motion to dismiss is **GRANTED.**

### Factual and Procedural Background

On February 22, 2005, Israel Mercado Arocho filed the instant complaint against the United States of America ("United States"), under 26 U.S.C. § 7433. Plaintiff alleges that the United States has "seized" his bank checking account twice, pursuant to certain Notices of Levy. According to Plaintiff's allegations, the amount of $1,200.92 was attached on or about February 20, 2003, and the amount of $386.43 was attached on or about August 8, 2003. The attachments were made, notwithstanding that Plaintiff had allegedly made two (2) payments to the United States Treasury during the year of 2002. Plaintiff's alleged payments were made on March 16, 2002 in the amount of $1,500.00, and on July 29, 2002 in the amount of $1,087.44. Plaintiff also alleges that, on or about February 28, 2003, he advised the defendant of the wrongful tax attachment. On January 29, 2004, Plaintiff through counsel, submitted Form 8546 *Claim For Reimbursement Of Bank Charges Incurred Due To The Erroneous Service Levy Or Misplaced Payment Check* ("Form 8546"),[1] claiming "defamation of credit reputation, wrongful abuse of process, mental anguish and conversion of personal property." Complaint ¶ 8 (Docket No. 1). Plaintiff further alleges that he has exhausted all the administrative remedies required under 26 U.S.C. § 7433, and claims damages in the amount of $50,000.00. Lastly, Plaintiff claims that the United States "has expressly consent to this suit by waiver of sovereign immunity." *See* Complaint ¶ 3 (Docket No. 1).

The United States moved to dismiss the instant complaint on September 14, 2005 (Docket No. 6), on the grounds that: (a) "Plaintiff has failed to exhaust the admin-

---

1. The Court notes that Form 8546 dated January 29, 2006, was mailed, by Certified Mail, Return Receipt Requested, to:

    Department of the Treasury
    Internal Revenue Service
    P.O. Box 57

    Bensalem, PA 19020
    Article Number: 7002 2030 0004 0680 9704.

The correspondence was received by the I.R.S. on February 4, 2004, as per stamp. *See* Plaintiff's opposition (Docket No. 7).

istrative remedies in this unauthorized collection case," (b) the Court does not have jurisdiction to entertain this matter; and (c) Plaintiff is barred from claiming damages under 26 U.S.C. § 7433 unless the taxpayer has exhausted the available administrative remedies. Docket No. 6 at p. 5.

On September 27, 2005, Plaintiff filed an opposition to defendant's motion to dismiss (Docket No. 7), on the grounds that: (a) the United States has moved to dismiss the instant action under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."), that is, the complaint fails to state a claim upon which relief can be granted; (b) Plaintiff has exhausted the administrative remedies by filing Form 8546, even if the claim was submitted under the wrong form.

On October 7, 2005, the United States filed a reply in support of its dismissal request (Docket No. 8), and reinstated that the Court lacks jurisdiction in this case, as Plaintiff has not exhausted the administrative remedies. The United States alleges that Plaintiff failed to exhaust the administrative remedies, inasmuch as Plaintiff used the wrong claim form; filed the claim with an office outside Puerto Rico, and Plaintiff failed to include in Form 8546 the facts supporting his claim. Defendant admits that there is no statutorily determined form for this type of claim, however, the form submitted by Plaintiff fails to comply with the requirements to exhaust the administrative remedies pursuant to 26 U.S.C. § 7433. Lastly, the United States argues that, in the event the Court finds that Plaintiff has exhausted the adminis-

trative remedies, that the amount of damages be limited to $386.43, since a finding larger than this amount is contrary to 26 C.F.R. 301.7433–1(f).[2]

### Applicable Law and Discussion

A. The Motion to Dismiss Standard under Rules 12(b)(1) and 12(b)(6).

■ The United States has moved the Court to dismiss the instant complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."), that is, lack of jurisdiction over the subject matter. It is well settled that a "party invoking the jurisdiction of a federal court carries the burden of proving its existence." Murphy v. U.S., 45 F.3d 520, 522 (1st Cir.1995). Plaintiff shall meet the "burden of establishing the factual predicates of jurisdiction by a preponderance of the evidence" (citations omitted). Lindsey v. U.S., 448 F.Supp.2d 37, 42–43 (D.D.C.2006). See also Negrón Ramos v. Internal Revenue Service, 351 F.Supp.2d 5, 11 (N.D. New York 2004). Under Fed.R.Civ.P. 12(b)(1), as opposed to the standard under Fed. R.Civ.P. 12(b)(6), the court may consider documents outside the pleadings, such as exhibits and affidavits attached to the motion to dismiss, and the opposition. González v. U.S., 284 F.3d 281, 288 (1st Cir. 2002). See also White v. Commissioner of Internal Revenue, 899 F.Supp. 767, 771 (D.Mass.1995), wherein the Court stated that "[t]he Court can look beyond the pleadings—to affidavits and depositions—in order to determine jurisdiction."

When considering a motion to dismiss under Fed.R.Civ.P. 12(b)(1), the court will

---

**2.** 26 C.F.R. § 301.7433–1 provides in its relevant part:

No action for actual, direct economic damages under paragraph (a) of this section shall be instituted in federal district court for any sum in excess of the amount (already incurred and estimated) of the administrative claim filed under paragraph (e) of this section, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time the administrative claim was filed, or upon allegation and proof of intervening facts relating to the amount of the claim.

look at the facts of the case as a "facial or a factual challenge." *Reynolds v. Nelson, et als.*, 2006 WL 2404364 (D.Ariz., July 17, 2006). *See also Lindsey*, 448 F.Supp.2d at 42–44. In *Reynolds*, the defendant moved the Court to dismiss the complaint on the grounds that plaintiff failed to exhaust the administrative remedies under 26 U.S.C. § 7433. As to the legal standard to dismiss a complaint, the Court held that:

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may be either a facial or a factual challenge. When the moving party challenges jurisdiction based on the allegations in the complaint, the court must consider all the allegations in the complaint as true, and will not look beyond the face of the complaint to determine jurisdiction. *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3rd Cir.1977). On the other hand, when a court reviews a complaint under a factual challenge, the allegations have no presumptive truthfulness, *Ritza v. International Longshoremen's and Warehousemen's Union*, 837 F.2d 365, 369 (9th Cir.1988) (quoting *Mortensen*, 549 F.2d at 891), and the court is not limited to the allegations in the pleadings if the "jurisdictional issue is separable from the merits of [the] case." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir.1987). Rather, the court that must weigh the evidence has discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve disputed jurisdictional facts. *See Valdez v. United States*, 837 F.Supp. 1065, 1067 (E.D.Cal.1993), *aff'd*, (9th Cir.1995), *Mortensen*, 549 F.2d at 891.

The facts in *Reynolds* are quite similar to the facts of the case at bar. *Reynolds* filed a claim under section 7433, however, the claim was filed through a letter instead of the proper form, and the letter was addressed to the Commissioner instead of the Area Director. *Reynolds*, however, failed to include a copy of the Commissioner's letter with the complaint. The Court in *Reynolds* granted the motion to dismiss under Fed.R.Civ.P. 12(b)(1), as plaintiff failed to exhaust the administrative remedies required under 26 U.S.C. § 7433 and Treasury Regulation § 301.7433–1.

In the instant case, Mercado Arocho opposed the United States' motion to dismiss, under the Fed.R.Civ.P. 12(b)(6), instead of Fed.R.Civ.P. 12(b)(1). Thus, a review of the standard under Rule 12(b)(6) is mandated. In *Murphy*, the First Circuit held that the standard of review of a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) is "similar to that accorded a dismissal for failure to state a claim pursuant to Fed. R.Civ.P. 12(b)(6)." 45 F.3d at 522. When considering a Fed.R.Civ.P. 12(b)(6) motion, the court will "construe the complaint liberally and treat all well-pleaded facts as true, according the plaintiff the benefit of all reasonable inferences. *Murphy*, 45 F.3d at 522. Therefore, plaintiff "may not merely rest on 'unsupported conclusions or interpretations of law.'" *Id. See also Lindsey*, 448 F.Supp.2d 37; *Grant v. United States*, 289 F.Supp.2d 1361, 1364 (S.D.Fla. 2003) ("A motion to dismiss should not be granted unless it appears beyond doubt that the [plaintiffs] could prove no set of facts in support of their claim which would entitle them to relief"); *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "Dismissal of a claim on the basis of barebone pleadings is a precarious disposition with a high mortality rate." *Grant*, 289 F.Supp.2d at 1364 (quoting from *International Erectors, Inc. v. Wilhoit Steel Erectors & Rental Service*, 400 F.2d 465, 471 (5th Cir.1968)). In *Grant*, the Court found that under Fed.R.Civ.P. 9(c), the complaint pled with specificity that plaintiffs had filed an "administrative

claim with the Chief, Special Procedures Function of the Internal Revenue Service ('IRS') pursuant to 26 C.F.R. §§ 301.7433–1(d)(1) and (2), 301.6343–1(c), 301.6343–2(b)," hence, the Court found that plaintiffs had complied with the requirement to exhaust the administrative remedies. 289 F.Supp.2d at 1364–65.

■ Under the motion to dismiss standard of Fed.R.Civ.P. 12(b)(6), the court's "[c]onsideration is limited to the complaint, written instruments that are attached to the complaint as exhibits, statements or documents that are incorporated in the complaint by reference, and documents on which the complaint heavily relies." *Negrón Ramos v. Internal Revenue Service*, 351 F.Supp.2d at 11 (citation omitted). Thus, the court should not consider any other documents or pleadings, except for the complaint, to determine jurisdiction.

As stated above, the United States moved to dismiss the complaint for lack of subject matter jurisdiction under Fed. R.Civ.P. 12(b)(1). Thus, the burden is on the plaintiff to show by preponderance of the evidence that the Court has subject matter jurisdiction to entertain this matter. After a careful review of the pleadings and the record, the Court finds that Plaintiff has not met the required burden of showing that the Court has subject matter jurisdiction, instead Plaintiff ignored the defendant's argument under Fed. R.Civ.P. 12(b)(1), and opposed the dismissal under Fed.R.Civ.P. 12(b)(6), as the complaint specifies that the administrative remedies were exhausted in compliance with 26 U.S.C. § 7433. The Court disagrees with Plaintiff's arguments and explains.

B. *The Exhaustion of Administrative Remedies under 26 U.S.C. § 7433.*

Section 7433(a) of the Internal Revenue Code, 26 U.S.C. § 7433(a), provides that a taxpayer may bring a damages action against the United States when "any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title...." Section 7433(b) provides the formula for the computation of damages, and section 7334(d)(1) governs the requirements to meet in order to succeed in the damages action under section 7433. Section 7433(d)(1) provides in its relevant part that:

A judgment for damages shall not be awarded under subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.

To determine whether the administrative remedies have been exhausted, the court must examine the requirements to file an administrative claim, which are governed by 26 C.F.R. § 301.7433–1(e):

(1) An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages as defined in paragraph (b) of this section shall be sent in writing to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides.

(2) The administrative claim shall include:

(i) The name, current address, current home and work telephone and any convenient times to be contacted, and taxpayer identification number of the taxpayer making the claim;

(ii) The grounds, in reasonable detail, for the claim (include copies of any available substantiating documentation or correspondence with the Internal Revenue Service);

(iii) A description of the injuries incurred by the taxpayer filing the claim (include copies of any available substantiating documentation or evidence);

(iv) The dollar amount of the claim, including any damages that have not yet been incurred but which are reasonably foreseeable (include copies of any available substantiating documentation or evidence); and

(v) The signature of the taxpayer or duly authorized representative. For purposes of this paragraph, a duly authorized representative is any attorney, certified public accountant, enrolled actuary, or any other person permitted to represent the taxpayer before the Internal Revenue Service who is not disbarred or suspended from practice before the Internal Revenue Service and who has a written power of attorney executed by the taxpayer.

In *Nogueras–Cartagena v. United States,* 125 Fed.Appx. 323 (1st Cir.2005), the First Circuit enumerated the factors to be met when considering whether the administrative remedies have been exhausted for purposes of a damages action under section 7433. The Court further stated that:

The exhaustion requirements under section 7433 are governed by 26 C.F.R. § 301.7433–1. Among these requirements are that claimants mark their claims with attention to particular individuals and identify the grounds for relief, the injuries incurred, and the dollar value of each claim. 26 C.F.R. § 301.7433–1(e).

■ In the instant case, the United States moved to dismiss for lack of subject matter jurisdiction, as Plaintiff has failed to exhaust the administrative remedies under 26 U.S.C. § 7433. Recent case law has examined whether or not the exhaustion of administrative remedies is a statutory jurisdictional requirement. *Lindsey,* 2006 WL 2413720. In *Lindsey,* the Court suggests a "straightforward approach" when determining whether a specific administrative remedy is jurisdictional. 2006 WL 2413720, *9–10, citing *Avocados Plus v. Veneman,* 370 F.3d 1243, 1247–48 (D.C.Cir.2004). The Court, citing *Avocados Plus* held:

Explicitly acknowledging the distinction between statutory exhaustion requirements that do impose jurisdictional barriers and those that do not, the *Avocados Plus* Court noted that distinguishing the former type of requirement from the latter "is purely a question of statutory interpretation," [370 F.3d at 1248], and held that courts should infer a non-jurisdictional exhaustion requirement whenever Congress provides an administrative avenue for relief, *id.* (observing that "the existence of an administrative remedy automatically triggers a non-jurisdictional exhaustion inquiry"). Only where a "a statute . . . contain[s] sweeping and direct statutory language indicating that there is no federal jurisdiction prior to exhaustion" may courts conclude that a particular exhaustion requirement is jurisdictional. (Citations omitted). Thus, when faced with a statutory exhaustion requirement, the Court must "presume [that] exhaustion is non-jurisdictional unless Congress states in clear, unequivocal terms that the judiciary is barred from hearing an action until the administrative agency has come to a decision." (Citations omitted).

The Supreme Court's unanimous decision in *Arbaugh v. Y & H Corp.,* —— U.S. ——, 126 S.Ct. 1235 [163 L.Ed.2d 1097] (2006), confirms the correctness of the rule articulated in *Avocados Plus.* In *Arbaugh,* the Court distinguished prerequisites that are genuinely jurisdictional from those which are not jurisdic-

tional barriers but constitute merely and "ingredient of ... [the] claim for relief." *Id.* at ——, 126 S.Ct. at 1238.

*Lindsey,* 448 F.Supp.2d at 49–51.

When applying the *Avocados Plus'* rule to 26 U.S.C. § 7433, the *Lindsey* Court held:

Nothing in the language of § 7433(d)(1) suggests that Congress intended to impose a jurisdictional barrier to taxpayer suits seeking damages for the conduct of the IRS. Indeed, nowhere in all of § 7433 is there "sweeping and direct statutory language indicating that there is no federal jurisdiction prior to exhaustion." *Avocados Plus,* 370 F.3d at 1248. [FN. 10] *See also Arbaugh,* —— U.S. ——, 126 S.Ct. at 1245, 163 L.Ed.2d 1097 (stating that "[i]f the Legislature clearly states that threshold limitation on a statute's scope shall count as jurisdictional, then courts and litigants will be duly instructed and will not be left to wrestle with the issue") (citation omitted).

FN 10.... While the language of these regulatory provisions would appear to deprive federal courts of jurisdiction over cases where the administrative remedies set forth in § 301.7433–1(e) have not been exhausted, the Court is not persuaded that the IRS' promulgation of § 301.7433–1(e) does, or even could, transform the exhaustion requirement of 26 U.S.C. § 7433—which, for the reasons discussed *supra,* does not by its language impose a jurisdictional prerequisite to suit—into a jurisdictional barrier.... Indeed, the Constitution vests the exclusive authority to expand or contract the jurisdiction of lower federal courts with Congress, not the executive branch. (citations omitted). Moreover, because the language of 26 U.S.C. § 7433 is clear and unambiguous with respect to its imposition of a non-juris-

dictional exhaustion requirement, the Court need not accord 26 C.F.R. § 301.7433–1 formal *Chevron* deference in its interpretation of 26 U.S.C. § 7433 (citations omitted). Accordingly, 26 C.F.R. § 301.7433–1 cannot transform 26 U.S.C. § 7433's statutory non-jurisdictional exhaustion requirement into a jurisdictional requirement.

*Lindsey,* 448 F.Supp.2d at 52–53.

Although, the Court in *Lindsey* found that the requirement to exhaust the administrative remedies under 26 U.S.C. § 7433 is non-jurisdictional, the Court held that defendant's motion to dismiss the complaint on damages was wrongfully brought under Fed.R.Civ.P. 12(b)(1), instead it "should be construed as raising a defense of failure to state a claim upon which relief can be granted under Rule 12(b)(6)." 448 F.Supp.2d at 54–55. As to the claim of damages, the Court in *Lindsey* held, that although 26 C.F.R. § 301.7433–1 "does not impose a jurisdictional prerequisite to filing a lawsuit, part (e) of this regulation establishes the administrative remedies called for by 26 U.S.C. § 7433(d)(1). Consequently, the Court may not award a judgment for damages to a plaintiff bringing an action under 26 U.S.C. § 7433 where that plaintiff has not first satisfied the administrative procedures set forth in 26 C.F.R. § 301.7433–1(e)." *Lindsey,* 448 F.Supp.2d at 59–60. *See also Jaeger v. U.S.,* 2006 WL 1518938 (D.D.C. May 26, 2006).

█ After a careful review of the pleadings and the record of the case at bar, the Court finds that Plaintiff filed a timely claim with the IRS. However, the claim fails to comply with the administrative requirements of 26 C.F.R. § 301.7433–1(e), as the claim was: (a) filed under the wrong form; (b) mailed to the wrong office, as it

was mailed to the Department of the Treasury in Bensalem, PA, instead of the Area Director in Puerto Rico; (c) the claim fails to describe the damages suffered by Plaintiff; (d) the dollar amount of the alleged damages; and (e) the claim is not supported by documentary evidence sustaining the alleged damages. Moreover, Plaintiff also failed to submit with the complaint and/or his opposition to the motion to dismiss, the supporting evidence to sustain his allegation regarding the notice given to the defendant after the first wrongful tax attachment of funds from his checking account. In sum, Plaintiff has failed to comply with the administrative requirements of 26 C.F.R. § 301.7433–1(e) to file a claim, hence, Plaintiff has failed to exhaust the administrative remedies pursuant to 26 U.S.C. § 7433 that would warrant a judgment for damages.

A perusal of the instant complaint shows that it is based upon bare and bold allegations which are conclusory and unsupported by evidence to sustain the damages claimed. Hence, the Court finds that the complaint fails to state a claim upon which a relief can be granted, and the dismissal is warranted even under Fed.R.Civ.P. 12(b)(6). On the other hand, should the Court consider the pleadings in addition to the exhibits attached by Plaintiff with his opposition to defendant's motion to dismiss, the Court is also forced to dismiss the case for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1), as Plaintiff has failed to show that he exhausted the administrative remedies pursuant to 26 C.F.R. § 301.7433–1 and 26 U.S.C. § 7433.

Based upon Plaintiff's failure to meet its burden under Fed.R.Civ.P. 12(b)(1) and 12(b)(6), the defendant's motion to dismiss under Fed.R.Civ.P. 12(b)(1) is **GRANTED**, for lack of subject matter jurisdiction.

*Conclusion*

In view of the foregoing, the *United States' Motion To Dismiss* (Docket No. 6) is hereby **GRANTED**.

IT IS SO ORDERED.